<hr />

## In re ALDRICH.

### *April 4—April 22, 1902.*

*Clerk of circuit court: Petition for removal: Appealable order.*

1. An order denying the petition of a private citizen for the removal of the clerk of a circuit court on the ground of malfeasance does not affect any substantial right of the petitioner, and is not appealable under subd. 2, sec. 3069, Stats. 1898.
[2. Whether a proceeding under sec. 973, Stats. 1898, for the removal of the clerk of a circuit court is a proceeding in court, to which the general statute regulating appeals from orders made by the court is applicable, doubted.]

APPEAL from an order of the circuit court for Milwaukee county: EUGENE S. ELLIOTT, and LAWRENCE W. HALSEY, Circuit Judges. *Dismissed.*

For the appellant there were briefs by *Nath. Pereles & Sons,* attorneys, and *G. D. Goff,* of counsel, and oral argument by *Mr. Goff.*

For the respondent there was a brief by *Quarles, Spence & Quarles,* and oral argument by *T. W. Spence.*

WINSLOW, J.    On the 9th day of May, 1901, the appellant, *Aldrich,* a resident of Milwaukee, filed his petition in the circuit court for Milwaukee county, charging malfeasance in office by the respondent, *Ringenoldus,* then and now the duly elected clerk of said court, and praying his removal from such office.    The respondent made answer to the petition, denying all of the misconduct alleged, and the matter was heard upon oral testimony by the two circuit judges, Hon. EUGENE S. ELLIOTT (now deceased), and Hon. LAWRENCE W. HALSEY, sitting together.    At the close of the testimony the said judges joined in an opinion which partakes of the nature of a finding, by which they concluded that there had been no intentional or obvious dereliction in duty on the part of the respondent, and that, if there had been any erroneous action on his part in the particulars charged, it was the result of honest mistake.    Thereupon the two judges entered judgment, which in form is a judgment by the court denying the petition and dismissing the proceedings, and from this judgment the petitioner has appealed.

The proceeding was brought under sec. 973, Stats. 1898, which provides that the judge of the circuit court may either in term time or vacation, by order specifying the cause therefor, remove the clerk of the circuit court of any county within his circuit for certain specified causes, among which is official misconduct.    Although the proceeding was conducted below as though it were a proceeding in court, and the judgment was entered as a judgment of the court, it may be very doubtful whether in fact it is a proceeding in court at all.    The statute provides that the *judge* of the circuit court may make the removal, and the argument is that the law constitutes the judge a special tribunal to pass upon the question; that no appeal from his decision has been provided by the statute; and that the general statute providing for and regulating appeals from orders made by *the court* (sec. 3069, Stats. 1898), has no application.    This question is not without its difficul-

ties, but we have found it unnecessary to decide it. Conceding the order in this case to be an order made by the court, it was an order made in a special proceeding, and can only be appealable under subd. 2 of sec. 3069, *supra,* which allows an appeal from "a final order *affecting a substantial right* made in special proceedings." Under this it is self-evident that the order must affect a substantial right of the party claiming the right to appeal. Were the case here on appeal by the clerk from an order of removal, it might well be argued that the order had affected a substantial right of the clerk, because it had deprived him of a valuable office; but in what respect can it be said that any substantial right of the appellant has been affected by the order refusing to remove the clerk? The order deprives the appellant of nothing. It takes no money from the municipal corporation of which the appellant is a member, nor does it in any way affect corporate property; and, even if it did accomplish either of these last-named results, the appellant is not in position to complain, because he is not shown to be a taxpayer in that corporation. It is true, he had set in motion the investigation, and doubtless he felt great personal interest in it; but he has no more real interest in the result of the investigation than any other citizen of the community has, namely, the general interest which every good citizen feels in the proper transaction of public business by public officers. He was no more aggrieved in the eye of the law by the vindication of the clerk from the charge made than he would have been by his conviction and dismissal had such been the outcome of the inquiry. Neither result would deprive him of a dollar of money or affect any right which can be called substantial.

*By the Court.*—Appeal dismissed.