PUFFER and others, Respondents, vs. WELCH and others, imp.,
Appellants.

*December 10, 1909—January 11, 1910.*

*Appealable order: Discontinuance of action.*

1. An order discontinuing an action on plaintiff's motion, and deny-
   ing defendant's motion for judgment on the merits, is not ap-
   pealable under subd. 1, sec. 3069, Stats. (1898). Although it
   practically terminates the action as to plaintiff, it does not pre-
   vent a judgment from which an appeal might be taken, on which
   appeal such order might be fully reviewed.
2. The right of appeal is purely statutory, and where the right is.
   not given the court cannot entertain an appeal, even though a.
   refusal to do so may seem to rest upon a technicality.

APPEAL from an order of the circuit court for Milwaukee
county: WARREN D. TARRANT, Circuit Judge. *Appeal dis-
missed.*

Action to recover damages for fraudulently inducing the
making of an option contract between the defendant *White
Rock Mineral Spring Company* and its stockholders, particu-
larly the defendant *Welch,* on one side, and persons named as
defendants on the other, for the sale by the former to the latter
of the property of such corporation.     Plaintiffs, by purchase,
became owners in severalty of a three-sevenths interest in the
contract.     They claimed that *Welch* and the corporation mis-
represented material matters on the faith of which the con-
tract was made and, for value, came in part to them to their
damage which they sought to recover.

Those charged as liable to respond in damages answered,
among other things, to the effect that all claims under the al-
leged option contract, long prior to the commencement of the
action, were adjusted, settled, and discharged as part consid-
eration for a second option contract.

After trial of the cause had progressed to a considerable ex-
tent, an adjournment was granted, on motion of plaintiffs' at-

torneys, for a brief period.   Upon its being again taken up, one of plaintiffs' attorneys announced that he was satisfied, from his investigation, that the second contract, mentioned in the answers, was given and taken as claimed; that it precluded any recovery of damages on the first contract, and, therefore, that he would move the court for leave to discontinue.   A motion was then made, or regarded as pending, for judgment in favor of the answering defendants, on the pleadings.   The motion for leave to discontinue was granted.   Subsequently a formal order was entered discontinuing the action with costs and denying defendants' motion.   Later the costs were paid and the money retained.   After such payment this appeal was taken.

For the appellants there were briefs by *Harrison S. Green,* attorney, and *Rossiter Lines,* of counsel, and oral argument by *Mr. Green.*

For the respondents the cause was submitted on the brief of *Gill, Barry & Mahoney.*

MARSHALL, J.   While it is true that an order discontinuing an action, practically puts an end thereto as regards the plaintiff (*Juneau Co. v. Hooker,* 67 Wis. 322, 30 N. W. 357), yet it is doubtless competent for either side to have the litigation closed by a proper judgment, and it might have to be so closed in order to enable the defendant to enforce his right to costs.

So it is quite clear that, not only is it proper to enter a judgment of discontinuance, following an order granting a motion in that regard, but an appeal from such a judgment would carry therewith to this court for review such an order as the one in question both as regards the granting of the discontinuance and denial of the motion for judgment in defendant's favor on the merits.

It cannot be well said, then, that the order terminated the action, and prevented a judgment from which an appeal could

be taken, and, as such, is appealable.   True, it terminated the action, leaving nothing to be done for defendant's protection, unless he needed a judgment to enable him to collect his costs, which he did not, since they were voluntarily paid, but it did not, in the words of the appeal statute, "prevent a judgment from which an appeal might be taken" presenting the questions sought to be raised on appeal from the order.   Therefore, the order was not appealable.

It may look quite technical to so rule here that the appeal must fail because appellant did not go through the somewhat empty formality, under the circumstances, of entering a judgment, so as to have that finality to appeal from.   But, as in many situations liable to arise, whether the turning point appears technical or not depends upon the viewpoint and upon where the responsibility lies.

It must be remembered that the right of appeal is purely statutory.   If the legislature has phrased the right so that, in some instances, it must be denied upon somewhat trifling considerations, there is no help for it.   Whatever of technicality there is under such circumstances is in the law, not in its administration.

The court cannot grant a right which is wholly within the field of lawmaking power to grant or refuse, because the refusal to entertain an appeal may have the appearance of tying to a technicality.   The legislature saw fit to provide that an order in an action, except certain classes with which the one in question has no similarity, shall not be appealable unless it prevents the entry of a judgment.   It was perfectly competent to so provide.   The general policy thereof was doubtless wise, notwithstanding in an instance now and then, like the present one, it might be said to dignify mere formality as matter of substance.   In any event, the duty of the court is to administer with fidelity the written law.   That requires a dismissal of this appeal.

*By the Court.*—The appeal is dismissed.