Clancy v. Fire and Police Commissioners, 150 Wis. 630.

CLANCY, Respondent, vs. BOARD OF FIRE AND POLICE COM-
MISSIONERS OF MILWAUKEE and others, Appellants.

*October 8—October 29, 1912.*

*Remedies: When exclusive: Appeal: Right is statutory: Officers: Re-
moval: Fire and police commissioners: Review of order by cir-
cuit court: Constitutional law: Courts: Power to remove admin-
istrative officer: Statutes: Construction.*

1. When the law creates a new remedy to meet a new situation,
   such remedy is exclusive and is subject to the conditions and
   limitations imposed by the legislature.
2. The right of appeal is purely statutory, and if not given is
   withheld.
3. The provisions of sec. 959—46d, Stats. (Laws of 1911, ch. 586),
   relating to actions brought in circuit court to review orders of
   the board of fire and police commissioners in a city of the first
   class, discharging or suspending officers or members of such
   departments, clearly indicate an intent that the proceeding
   should be finally closed by the decision of the circuit court;
   hence no appeal lies from its judgment to the supreme court.
[4. Whether, under our state constitution, the power to remove ad-
   ministrative officers may be vested in courts or judges, not de-
   termined.]
5. Considering together the provisions of subsecs. 19, 20, and 21 of
   said sec. 959—46d, Stats., it is plain that the legislative pur-
   pose was to require the board not only to decide whether the
   charges are sustained, but to make a decision which is reason-
   able under the evidence taken; and the review of its order by
   the circuit court is for the purpose of deciding, not whether
   the officer was in fact guilty or whether the court would decide
   the same way upon the evidence, but whether the board has
   performed its statutory duty of making a reasonable decision.
6. Thus considered, the action for a review by the circuit court per-
   forms substantially the functions of the writ of *certiorari*, and
   the court therein neither removes an officer nor extends his
   term of office, but merely exercises the power of supervisory
   control over inferior tribunals which the constitution vests in
   the circuit courts.
7. The provision in the last clause of subsec. 21 of said sec. 959—
   46d, Stats., that the court may require the board to make a
   further return and also "to take further and additional testi-

mony and make return thereof," does not authorize the court to decide the case on testimony which has never been considered by the board, but is to be construed as requiring the board to consider the new evidence taken and to return with it their decision in the light of such additional evidence.

8. The different parts of a statute should be so construed as to harmonize with its dominant purpose, unless unequivocal words compel a different construction.

APPEAL from a judgment of the circuit court for Milwaukee county: JAMES WICKHAM, Judge. *Dismissed. Appellants' motion for the issuance of a writ of* certiorari *denied.*

*Daniel W. Hoan,* for the appellants, as to the right of appeal contended that an appeal is given from judgments in all forms of action, and that the statute does not confer a new right but merely changes the practice. *Hixon v. Oneida Co.* 82 Wis. 515, 52 N. W. 445; *Howland v. Needham,* 10 Wis. 495; *Minneapolis, St. P. & S. S. M. R. Co. v. Railroad Commission,* 136 Wis. 146, 116 N. W. 905; *Mitchell v. Kennedy,* 1 Wis. 511; *Western Union R. Co. v. Dickson,* 30 Wis. 389; *State ex rel. Milwaukee Med. Coll. v. Chittenden,* 127 Wis. 468, 107 N. W. 500; *State ex rel. Gill v. Watertown,* 9 Wis. 254; *State ex rel. Starkweather v. Superior,* 90 Wis. 612, 64 N. W. 304; *Arnet v. Milwaukee M. M. Ins. Co.* 22 Wis. 516; *Milwaukee v. Weiss,* 93 Wis. 653, 68 N. W. 390. As to the constitutionality of the statutory provisions for review of the board's decision by the circuit court, he cited, among other authorities, *State ex rel. Davern v. Rose,* 140 Wis. 360, 122 N. W. 751; *Nehrling v. State ex rel. Thal,* 112 Wis. 637, 88 N. W. 610; 2 Dillon, Mun. Corp. (5th ed.) 784; *Minneapolis, St. P. & S. S. M. R. Co. v. Railroad Commission,* 136 Wis. 146, 116 N. W. 905; *State ex rel. People's L. & M. Co. v. Holt,* 132 Wis. 131, 111 N. W. 1106; *State ex rel. Kennedy v. McGarry,* 21 Wis. 496; *State ex rel. Wagner v. Dahl,* 140 Wis. 301, 122 N. W. 748; *Denny v. Des Moines Co.* 143 Iowa, 466, 121 N. W. 1066; *Avery v. Studley,* 74 Conn. 272, 50 Atl. 752; *Johannes v. Thayer Co.* 83 Neb. 689, 120 N. W.

176; *Att'y Gen. ex rel. Taylor v. Brown,* 1 Wis. 442; *State ex rel. Hamilton v. Krez,* 88 Wis. 135, 59 N. W. 593; *Cole v. Black River Falls,* 57 Wis. 110, 14 N. W. 906; *O'Connor v. Fond du Lac,* 109 Wis. 253, 85 N. W. 327; *State ex rel. Harley v. Lindemann,* 132 Wis. 47, 111 N. W. 214; *Robey v. Prince George's Co.* 92 Md. 150, 48 Atl. 48; *Appeal of Norwalk St. R. Co.* 69 Conn. 576, 37 Atl. 1080.

For the respondent there were briefs by *Thomas H. Dorr, Norman L. Baker,* and *W. J. Zimmers,* and oral argument by *Mr. Baker.* Upon the constitutional question raised by appellants they cited *State ex rel. Wagner v. Dahl,* 140 Wis. 301, 122 N. W. 748; *State ex rel. Hart v. Duluth,* 53 Minn. 238, 55 N. W. 118; *State ex rel. N. C. Foster L. Co. v. Williams,* 123 Wis. 61, 100 N. W. 1048; *State ex rel. Durner v. Huegin,* 110 Wis. 189, 85 N. W. 1046; *State ex rel. Gill v. Watertown,* 9 Wis. 254; *Mt. Clemens v. Macomb Circuit Judge,* 119 Mich. 293, 77 N. W. 936, and other cases. They also contended that if the portions of the act attacked are held unconstitutional, then the whole act is void and the entire proceeding without authority of law.

WINSLOW, C. J. *Thomas A. Clancy,* chief of the fire department of the city of *Milwaukee,* was removed from office by the *Board of Fire and Police Commissioners of Milwaukee* after trial upon charges as provided by subsec. 19 of sec. 959–46*d,* Stats. (Laws of 1911, ch. 586). He thereupon brought action in the circuit court for Milwaukee county against the board to reverse their decision, as provided by subsecs. 20 and 21 of the same law, and upon trial thereof the circuit court reversed the judgment of removal, and the commissioners appealed to this court from such judgment of reversal. The respondent now moves to dismiss the appeal to this court on the ground that no appeal from the judgment of the circuit court is provided for by the law. The appellants, while contesting the motion to dismiss, make a motion

for the issuance (in the event of a dismissal of the appeal) of a writ of *certiorari* out of this court directed to the circuit court for the purpose of reviewing the judgment, claiming that the circuit court had no jurisdiction because of the unconstitutionality of the act aforesaid.

It seems to us quite clear that no appeal lies from the decision of the circuit court.

The law creates a new remedy to meet a new situation. The principle is familiar that under such circumstances the remedy is exclusive and is subject to the conditions and limitations which legislative wisdom has seen fit to throw around it. *State ex rel. Cook v. Houser,* 122 Wis. 534 (see p. 595), 100 N. W. 964. The right of appeal is purely statutory, and unless given it is withheld. *Puffer v. Welch,* 141 Wis. 304, 124 N. W. 406.

It is true that our statutes in general terms authorize appeals from judgments in actions in the circuit court, and that the present proceeding is expressly termed an action in the law which creates it.

Examination of the provisions of the law, however, seems to indicate very conclusively that no appeal to this court was contemplated. In the first place, nothing is said about any such appeal, and this is the more significant because upon examination of somewhat similar laws giving to circuit courts the right of review of the decisions of special tribunals, we find special provisions for appeal to this court industriously inserted. Railroad Commission Law: Laws of 1905, ch. 362, sec. 16 (sec. 1797—16, Stats.: Supp. 1906); Public Utilities Law: Laws of 1907, ch. 499 (secs. 1797m—1 to 1797m—109, Stats.); sec. 1797m—69. See, also, secs. 1849, 1379—36, and 1299f, Stats. (1898), governing condemnation proceedings for railroad, drainage, and highway purposes.

Much stronger than this mere negative inference, however, is the inference necessarily to be drawn from the positive provisions of the law itself.

Subsec. 22 provides that if the decision of the board is reversed by the court the discharged man shall be *at once reinstated* in his position and entitled to his pay as if never discharged, and that if the decision of the board be sustained the order of discharge shall be *final and conclusive* in all cases.

The purpose to absolutely terminate the proceeding with the decision of the circuit court seems here very certain.

Doubtless the probable demoralizing effect on the public service of long-drawn-out proceedings, during which time no permanent appointment could be made, was fully appreciated.     Every clause of the law indicates the intention to make the entire proceeding as speedy as possible and yet give the accused person the right to fully make his defense, and in view of the very significant provisions of the section last cited we entertain no doubt that the statute means, and was intended to mean, that the proceeding should be finally closed by the decision of the circuit court.   It follows that the appeal will be dismissed.

As to the motion for the issuance of a writ of *certiorari*, different considerations arise.

The appellants' contention is that the removal of such officers is purely an administrative or executive function and in no sense judicial, and cannot under the constitution be vested in the courts; that the law in hand practically gives to the circuit court the power of removal, and hence is unconstitutional.

We do not find it necessary to decide the question whether the power of removal of local officers is a function which can constitutionally be vested in the courts.   Counsel urge that this question was decided in the negative by the case of *State ex rel. Davern v. Rose,* 140 Wis. 360, 122 N. W. 751, but an examination of that case shows that the question there presented was an entirely different one, and has only a remote bearing on the present case, if indeed it has any bearing at all.

For many years the statutes of this state have provided for the removal of certain administrative officers by judges of courts of record, and we are not aware that the constitutionality of these provisions has ever been attacked. Circuit judges are authorized to remove the clerk of the circuit court (sec. 973, Stats. 1898), the county superintendent of schools (sec. 975), and town officers (sec. 976). County judges are empowered to remove all school district officers (sec. 507). Circuit judges are also empowered to remove jury commissioners (sec. 2533a), and there may be other instances.

However, we intimate no opinion upon the question. We do not consider that the law before us places the power of removal in the hands of the circuit court under any reasonable construction of its provisions.

Subsec. 19 of the law provides for a hearing upon verified charges, and further provides that the board shall decide by majority votes whether the charges are sustained, and if sustained shall at once determine whether the accused shall be removed, suspended from office temporarily, or reduced in rank. Subsecs. 20 and 21 provide for the commencement of an action such as the present by the removed officer against the commissioners in the circuit court, for the purpose of reversing the decision, and that the same shall be tried by the court without a jury upon the evidence returned by the board. Upon this retrial the only question to be reviewed by the court - is the question, "Under the evidence was the decision of the board reasonable?" Sec. 21 further provides that the court may require a further or additional return to be made, and may also require the board "to take further and additional testimony and make return thereof." ·

Taking the two sections together, it is plain that the legislative purpose was to require the board not only to decide whether the charges are sustained, but to make a decision which is reasonable under the evidence taken. The object

evidently was to require that the decision should not be whimsical, capricious, or merely partisan, but a decision founded on some rational view of the evidence.

It is equally plain, we think, that the legislative idea further was that, as a further safeguard against purely partisan decisions or predetermined decisions founded on no substantial grounds, the circuit court should have power to summarily review the trial and decision, not for the purpose of deciding whether the officer was in fact guilty of the charges made, or whether the court would decide the same way upon the evidence, but simply whether the board had performed its statutory duty and made a reasonable decision upon the evidence, *i. e.* had acted not necessarily wisely but as reasonable men upon the evidence placed before them.

In substance this appeal was intended to perform the functions of a writ of *certiorari* in a case where the writ is directed to a tribunal of this nature, namely, to review the evidence to ascertain only whether there was reasonable ground for the decision made. *State ex rel. N. C. Foster L. Co. v. Williams,* 123 Wis. 61, 100 N. W. 1048. It is a method provided by statute by which the power of superintending control which is vested in the circuit courts by the constitution is to be exercised.

The constitution (art. VII, sec. 8) provides that the circuit courts shall have a supervisory control over all inferior courts and tribunals and shall have power "to issue writs of *habeas corpus, mandamus,* injunction, *quo warranto, certiorari, and all other writs* necessary to carry into effect their orders, judgments and decrees, and give them a general control over inferior courts and jurisdictions."

While no formal writ issues in the present case and the proceeding is termed an appeal, it accomplishes the same result as though it had been commenced by the issuance of the ancient writ, and there can be no doubt of the legislative power to reach the desired end by procedure termed an appeal as

well as by an original common-law writ. It is true that by
the last clause of subsec. 21 it is provided that the court may
require the board to make a further return and also "to take
further and additional testimony and make return thereof."
The appellants claim that this clause authorizes the circuit
court to try and decide the case on testimony which has never
been considered by the board, and thus that in such cases the
court is authorized to pass *de novo* upon the question as to
whether the accused is guilty or not.

We do not so construe the clause in question. It is true
that there is no specific provision that the board shall con-
sider the additional testimony, but that seems to us to be the
only construction which fully harmonizes the clause with the
general purpose of the other provisions regulating the appeal.
That general purpose, as before said in this opinion, is clearly
not to make the court a trier of the facts, but simply a trier of
the question whether the board has acted reasonably on the
evidence before them. To so construe the law as to permit
the court to pass upon the question of guilt as an original
question upon evidence never considered by the board would
subvert its dominant purpose and should not be done unless
unequivocal words require such construction. We do not
think that such a case is presented here. While the law does
not expressly say that the board shall report whether their de-
cision remains the same as before or not, it requires that they
make a return, and we construe this as meaning not only that
they send up the evidence, but also return therewith their de-
cision in the light of the additional evidence. If this were
not the intention it would certainly be absurd to require the
board to formally meet for the sole purpose of taking addi-
tional testimony when the same could be at once taken by the
court itself, or by a single officer authorized to take deposi-
tions with far greater dispatch and far less trouble.

The conclusions reached demonstrate that in acting under
this statute the court neither removes an officer nor extends

his term of office,—it simply decides whether the board has performed the duty imposed on it by the statute.    This question is purely judicial.    There is no ground for a claim that the provisions attacked are unconstitutional.

*By the Court.*—Upon the respondent's motion the appeal is dismissed with costs; appellants' motion for the issuance of a writ of *certiorari* is denied without costs.