PETITION OF LONG: LONG, Appellant, vs. THE STATE, Respondent.

*February 7—March 14, 1922.*

*Appeal: Right to appeal: Appeals not given by statute: Compensation to innocent person imprisoned for crime: Decision of board of control: Review.*

1. In cases where a new right is created by statute and a remedy prescribed, the prescribed remedy is exclusive. The right of appeal, being purely statutory, does not exist where it is not given by statute.
2. Sec. 3047, Stats., providing that appeals may be taken from the circuit court to the supreme court, is not applicable where the circuit court is given power to review the proceedings of special inferior tribunals, boards, and commissions which have power to perform certain limited specific administrative or *quasi*-judicial duties, where the law creating the tribunal, board, or commission gives no right of appeal from the determination of the circuit court.
3. An appeal does not lie to this court from a judgment of the circuit court dismissing a petition for compensation on account of unlawful imprisonment, on appeal from the disallowance of the claim by the board created by sec. 3203a, Stats., for the relief of persons who have served terms of imprisonment upon conviction of crime of which they were innocent, notwithstanding sec. 3047 provides for appeals to this court from the circuit court, since the right of appeal from the judgment of the circuit court in such case is not provided for by statute.

ESCHWEILER, J., dissents.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Dismissed.*

By sec. 3203a, Stats. 1919, the governor and the members of the state board of control were constituted a board to be known as the board for the relief of persons who have served terms of imprisonment upon conviction of crime against the state of which they were innocent. Provision is made for presentation of the case by petition to the board, and upon such hearing the board is required to find that it is clearly beyond reasonable doubt that the petitioner was innocent of the crime or offense for which he suffered imprisonment, and in determination of the issue the board is limited by the terms of the statute to consideration of such evidence or circumstances as have been discovered or as have arisen since the trial and conviction. If the board finds that the petitioner was innocent with certain limitations prescribed by the act, compensation may be awarded. By sub. 5 the board is required to keep a full and complete record of its proceedings in each case and of all the evidence produced before it. "The findings and the award of the board shall be subject to review on an appeal, by the circuit court for Dane county, but the appeal shall be subject to the same limitations as apply to the findings and awards made by the board."

The petitioner had a hearing before the board. His claim was disallowed. He applied to the circuit court for Dane county and that court entered a judgment dismissing the petitioner's application, from which judgment the petitioner appeals to this court. The respondent moves to dismiss the appeal.

For the appellant there was a brief by *Wallace Ingalls* of Racine, attorney, and *F. M. Wylie* of Madison, of counsel, and oral argument by *Mr. Wylie.*

For the respondent there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

ROSENBERRY, J.   On behalf of the petitioner it is argued that by the provisions of sec. 3047, Stats., an appeal lies in this case.   It is there provided: "Appeals to the supreme court may be taken from the circuit courts . . ."

On behalf of the respondent it is contended that under the doctrine of *Clancy v. Fire and Police Comm'rs,* 150 Wis. 630, 138 N. W. 109, no right of appeal to the supreme court having been provided by the statute which created the right and prescribed the remedy, none exists.   While the language under consideration in the case of *Clancy v. Fire and Police Comm'rs* is materially different from the language of sec. 3203*a,* in that sub. 22 of the act under consideration in the *Clancy Case* contained a provision to the effect that if the decision of the board be sustained on review by the circuit court the order of discharge should be final and conclusive in all cases, nevertheless the authorities there cited and the reasons there given are controlling.   In cases where a new right is created and a remedy prescribed, the prescribed remedy is exclusive.   The right of appeal is purely statutory, and in cases where it is not given in statutes such as the one under consideration it does not exist.   *State ex rel. Cook v. Houser,* 122 Wis. 534, 100 N. W. 964; *Puffer v. Welch,* 141 Wis. 304, 124 N. W. 406.   The decision in the *Clancy Case* went upon two grounds and would have been decided as it was if sub. 22 had not contained the language it did.

In the *Clancy Case* it was argued, as here, that the right of appeal existed because the language of the act brought it within the terms of the statute (sec. 3047).   The necessary inference from the decision in that case is that sec. 3047, giving the right of appeal, does not apply to a situation such as is presented by the facts in this case.   It is applicable only to those judgments rendered in the usual and ordinary course of judicial proceedings and is not applicable where the circuit court is given power to review the proceedings of

special inferior tribunals, boards, and commissions which have power to perform certain limited specific administrative or *quasi*-judicial duties where the law creating the tribunal, board, or commission gives no right of appeal from the determination of the circuit court.

*By the Court.*—Motion to dismiss the appeal is granted, and the appeal is hereby dismissed.

ESCHWEILER, J. (*dissenting*). I could concur in the dismissal of this appeal were it placed upon the ground that this being a claim against the sovereign, which cannot be sued at all without its consent, a claimant against the state has no rights save those expressly given. I cannot, however, agree with the grounds stated in the majority opinion.

Statutes granting or regulating appeals are remedial, should have a liberal construction, and are favored. *Hixon v. Oneida Co.* 82 Wis. 515, 529, 52 N. W. 445; *State v. Nangle,* 82 W. Va. 224, 95 S. E. 833, and cases there cited; 3 Corp. Jur. 319; 2 Ruling Case Law, 29.

So far as the circuit court is concerned, the disposition there of this matter was either a judgment of the circuit court for Dane county as in form it appeared to be, or, if not a judgment, then at least it was an order finally disposing of the matter. In any event the matter was a proceeding in a court of justice.

Remedies in courts of justice in this state are divided, under sec. 2594, Stats., into actions or special proceedings.

An action is defined by sec. 2595, Stats., as the ordinary proceeding in a court of justice for the enforcement or protection of a right, the redress or prevention of a wrong, or for the punishment of a public offense.

Sec. 2596, Stats., then provides that "every other remedy is a special proceeding." If this be a judgment in an action, then it comes within the letter of sec. 3047, Stats., the one cited and construed in the majority opinion. If, however, this is a special proceeding as distinguished from the ordinary action, then I think sec. 3048, Stats., becomes appli-

cable. This provides that no writ of error shall be necessary
to bring up any judgment for review before the supreme
court, but that any such judgment as is provided for in sec.
3047, Stats., *supra,* "or any order defined in section 3069
may be reviewed upon an appeal by any party aggrieved."
The orders reviewable by appeal to this court are provided
for by sec. 3069, Stats., which gives the right of appeal,
by sub. (2) thereof, to any aggrieved party from any final
order affecting a substantial right made in special proceed-
ings.

Although the proceedings here were instituted under sec.
3203a before a special board or body created for that pur-
pose, yet the finding and award of such board become sub-
ject to review on appeal by the circuit court for Dane county.
When they so reach the circuit court they then come within
the general jurisdiction of that circuit court and are no
longer before a special tribunal. The rule, therefore, as
stated in *State ex rel. Cook v. Houser,* 122 Wis. 534, 595,
100 N. W. 964, to the effect that when a new right is created
by statute with a special tribunal for the enforcement thereof,
no specific provision for appeal being given, the remedy
before that tribunal is exclusive, is not applicable. Neither
is the situation here like that in the case of *In re Aldrich,*
114 Wis. 308, 90 N. W. 173, where proceedings were
instituted before the judge of the circuit court to remove a
clerk of the court,—in the latter case it being held that a
private individual having instituted the proceedings was
not aggrieved by the refusal of the judge in that case to
remove such clerk and therefore had no right of appeal.
Here the claimant is, beyond question, one aggrieved by the
result reached in the circuit court.

I cannot agree that the case of *Clancy v. Fire and Police
Comm'rs,* 150 Wis. 630, 138 N. W. 109, cited and relied
upon in the majority opinion, meets the situation here. The
statute there passed upon expressly provided, as recited on
page 634, that the decisions of the board, when sustained
on appeal to the circuit court, become final and conclusive,

and such positive direction was declared in the opinion (page 633) to be of much more weight in the conclusion there reached than the mere negative inference from the lack of any provision expressly granting an appeal to this court.

An examination of the statutory provisions for the judicial review of findings or awards made by the various commissions, as shown for example in secs. 2394—19, 2394—21, 1797—16, and 1797m—69, Stats., are all provisions for the shortening of the time in which appeals in such matters can be taken to this court rather than express grants of power to take such appeals.

The appellate and superintending control over inferior courts granted to this court by sec. 3, art. VII, of the constitution should be favored rather than restrained, and I do not think it clearly appears that the legislature intended that the claimant here should be deprived of the rights that the ordinary party to special proceedings in the circuit courts of this state has under sec. 9 of art. I of the constitution.