STATE EX REL. ALLEN and another, Appellants, vs. RAIL-
ROAD COMMISSION OF WISCONSIN and another, Re-
spondents.
NORTH-WEST TELEPHONE COMPANY, Appellant, vs. RAIL-
ROAD COMMISSION OF WISCONSIN and another, Re-
spondents.
*April 30—October 14, 1930.*

226

For the appellants there was a brief by *Sanborn, Blake & Aberg* of Madison and *Miller, Mack & Fairchild* of Milwaukee, and oral argument by *John B. Sanborn* of Madison and *Leon F. Foley* of Milwaukee.

For the respondent Dekorra Farmers Mutual Telephone Company there was a brief by *H. B. Rogers* and *Grady, Farnsworth & Walker*, all of Portage, and oral argument by *Mr. Walter H. Farnsworth* and *Mr. Rogers*.

For the respondent Railroad Commission there was a brief by the *Attorney General* and *Samuel Bryan*, assistant attorney general, and oral argument by *Mr. Bryan*.

The following opinion was filed June 11, 1930:

ROSENBERRY, C. J.   All parties here agree that the question decisive of the issues in both cases is whether or not the severance by the Dekorra Company in September, 1929, of the connection which had existed under the contract since 1914 constitutes a violation of sec. 196.50, Stats.   If it did not and the Dekorra Company had the right to re-establish its exchange and return to the *status quo* which existed prior to the contract, then as an independent utility it had the right to seek or its subscribers had the right to seek joint service under the physical connection statute.

Sec. 196.50 is set out in the margin.[1]

---

[1] Section 196.50 *Competing utilities; indeterminate permits, telephones.* (1) *Certificate of necessity.* No license, permit or franchise shall be granted to own, operate, manage or control any plant or equipment for the conveyance of telephone messages, or for the production, transmission, delivery or furnishing of heat, light, water or power in any municipality, where there is in operation under an indeterminate permit a public utility engaged in similar service, without first securing from the commission a declaration, after a public hearing of all parties interested, that

Stated in broad terms, the theory of the plaintiffs is that by the consolidation in 1914 there was established a physical connection which in practical effect made one utility of what was before two utilities; that the Dekorra Company had no right to discontinue the physical connection so made, and that its severance of the two exchanges and the re-establishment of its individual exchange was illegal unless and until the Railroad Commission had found, pursuant to the terms of the statute, that such severance was required as a matter of public convenience and necessity.

It is to be noted that sec. 196.04 (2) provides that where the utilities cannot agree as to the physical connection the Railroad Commission may, if certain prerequisites exist, "direct that such use be permitted and prescribe reasonable conditions and compensation for such joint use, and that such physical connection or connections be made, and determine how and within what time such connection or connections shall be made." Here the two utilities did agree, subject to the approval of the Railroad Commission. The Railroad Commission approved the agreement as a whole.

public convenience and necessity require such second public utility. This subsection shall not prevent or impose any condition upon the extension of any telephone toll line from any municipality into or through any municipality for the purpose of connecting with any telephone exchange in such municipality or connecting with any other telephone line or system.

(2) *Telephones, extension.* No public utility furnishing telephone service shall install or extend any telephone exchange for furnishing local service in any town where there is a public utility engaged in similar service, without first having served notice in writing upon the commission and such other public utility of the installation or extension of such exchange which it proposes to make, or make such installation or extension if the commission, within twenty days after the service of such notice, shall, upon investigation, find and declare that public convenience and necessity do not require the installation or extension of such exchange. Any public utility already engaged in furnishing local service to subscribers within any city or village may extend its exchange within such city or village without the authority of the commission. Any public utility operating any telephone exchange in any city or village shall, on demand, extend its lines to the limits of such

A part of the agreement was that the agreement was to remain in force until September 15, 1919, and to continue as a yearly contract until a written notice of thirty days be served by one party on the other. Under the statute the commission had no authority to order such a consolidation of equipment and operation as was made voluntarily by the parties to this contract. Prior to the making of the contract there had been no physical connection of any kind. When the Railroad Commission approved the contract it approved that part of it which reserved the right to terminate it as well as any other part. Giving to this reservation its natural and reasonable meaning, it can be held to mean nothing less than that either party might restore the *status quo* by complying with the contract as to notice of termination. If this were not true, then the Dekorra Company by entering into the arrangement in practical effect lost the right and privilege of operating its own exchange—a thing it could not be compelled to surrender under the statute. Its reservation of the right to return to its former status seems to be reasonable. It is now considered by the

---

city or village for the purposes mentioned and subject to the conditions and requirements prescribed in sections 196.04 and 196.19, subsections (4) and (5).

(3) *Second utility.* Any permit, license or franchise which shall contain any term whatsoever interfering with the existence of a second public utility is hereby amended in such manner as to permit any municipality to grant a franchise for the operation of such second public utility.

(4) *Municipality restrained.* No municipality shall hereafter construct any public utility where there is in operation under an indeterminate permit in such municipality a public utility engaged in similar service, without first securing from the commission a declaration, after a public hearing of all parties interested, that public convenience and necessity require such municipal public utility.

(5) *Injunction.* Pending investigation and finding by the commission as to whether public convenience and necessity require a second utility, the furnishing of any public utility service in any municipality contrary to the provisions of this section may be enjoined at the suit of the state or of any public utility having an interest therein.

Railroad Commission that there should be established that relation between the companies which the companies may be compelled to establish by order of the commission under the statute. In practical effect the claim of the plaintiffs is that the defendant, having voluntarily entered into the arrangement with the reservation of the right to terminate it and return to its former status, should now by action of the Railroad Commission be irrevocably held there by order of the commission although in a position which it could not be required to take in the first place by order of the commission.

The commission under the statute has no authority to compel the Dekorra Company to re-enter into the relationship created by the contract, it having withdrawn itself from that relationship and there being no authority in the statute to require it to enter into such a relationship in the first instance. No reason is pointed out for holding the reservation contained in the contract which operated in favor of both parties invalid and we see none. Both companies were apparently in existence and doing business prior to the enactment of the law, and such franchise rights as they had were continued subject to the terms of the act. Sec. 1797m—74m, Stats. 1913. It seems self-evident that if the Dekorra Company entered into a contract with the approval of the commission which contained a clause reserving to itself the right to terminate its relationship and resume its former status, it would be a species of usurpation on the part of the Railroad Commission to require the Dekorra Company to remain in the relation created by the contract and deny to it the benefit of the clause reserving to it the right to terminate that relationship. Whether the parties might lawfully have entered into the contract of 1914 without procuring the approval of the Railroad Commission and what their relation would have been in such case, we need not stop to inquire. The contract was approved by the

commission and the Dekorra Company withdrew from the contract in accordance with its terms. It follows, therefore, that the judgment dismissing the complaint in the action brought to review the order of the Railroad Commission directing physical connection between the two companies, being case No. 181, should be affirmed. In the *mandamus* action the plaintiffs sought a peremptory writ in order to compel the Railroad Commission to act upon the petition of the plaintiffs. It is considered that *mandamus* did not lie under the circumstances of this case. Upon presentation of the petition to the Railroad Commission it denied the petition and determined that if the facts alleged in the petition were satisfactorily established by evidence the petitioners would be entitled to no relief, apparently being of the opinion that the Dekorra Company did not require a certificate of convenience and necessity to do what it proposed to do. This determination of the Railroad Commission was reviewable under sec. 196.41, Stats. If the commission erred in holding that the petitioners were entitled to no relief, its determination was reviewable solely under the provisions of sec. 196.41. *Clancy v. Fire and Police Comm'rs,* 150 Wis. 630, 138 N. W. 109; *Petition of Long,* 176 Wis. 361, 187 N. W. 167. Plaintiffs' demurrer to the return of the respondent was therefore properly overruled and the order should be affirmed.

*By the Court.*—It is ordered that the judgment in No. 181 and the order in No. 133 be affirmed.

A motion for a rehearing was denied, with $25 costs in one case, on October 14, 1930.