STATE EX REL. WALDORF and others, Appellants, vs. HILL and others, Respondents.

*December 5, 1934—January 8, 1935.*

For the appellants there was a brief by *Sauthoff & Hansen* and *Anthony E. O'Brien,* all of Madison, and oral argument by *Mr. O'Brien.*

For the respondents there was a brief by the *Attorney General* and *Mortimer Levitan* and *Warren H. Resh,* assistant attorneys general, and oral argument by *Mr. Resh.*

FOWLER, J. The relators brought *certiorari* proceedings in the circuit court for Dane county to procure review of an order of the department of agriculture and markets of the state dismissing a complaint charging the Wisconsin Men's Union, a corporation, the Wisconsin University Building Corporation, and certain individual defendants with acts alleged to constitute unfair trade practices and unfair competition. The order complained of dismissed the complaint on the ground that the defendants were under the control of the regents of the state university, and that the department of agriculture and markets, as one agency of the state, should not assume jurisdiction to dictate policies for the board of regents, another state agency. From an order quashing the writ, the relators appeal.

We are constrained to hold that judgment of the circuit court must be affirmed, for the reason that sec. 99.27, Stats., expressly provides that the method of procuring review of any order of the department of agriculture and markets "shall be as prescribed" in sec. 196.41, Stats., relating to review of orders of the public service commission. The method there prescribed is an action commenced in the circuit court for Dane county to vacate the order on the ground that it is unlawful or unreasonable. In *State ex rel. Allen v. Railroad Comm.* 202 Wis. 223, 231 N. W. 184, where *mandamus* was resorted to, to compel the commission to act when it refused to proceed because it considered the facts stated in the petition before it did not entitle the petitioners to relief, the court ruled that, "if the commission erred in holding that the petitioners were entitled to no relief, its

determination was reviewable *solely* under the provisions of sec. 196.41." The right of the department of agriculture and markets to issue orders relating to unfair trade practices and unfair competition is a *new right* conferred by sec. 99.14, Stats. Where a new right is created by statute and a remedy is prescribed, the prescribed remedy is exclusive. *Petition of Long,* 176 Wis. 361, 187 N. W. 167; *Clancy v. Board of Fire & Police Commissioners,* 150 Wis. 630, 138 N. W. 109. This rule was the basis of the affirmance of the order of the circuit court in the *Allen Case* overruling the demurrer to the return to the alternative writ of *mandamus.* An order quashing a writ of *certiorari* is in effect the same as an order overruling a demurrer to the return in *mandamus.* As the court in the *Allen Case* affirmed the order overruling the demurrer to the return in *mandamus,* so it must here affirm the order quashing the writ of *certiorari.*

*By the Court.*—The order of the circuit court is affirmed.