MILWAUKEE COUNTY, Respondent, vs. INDUSTRIAL COMMISSION, imp., Appellant.

*April 13—May 17, 1938.*

For the appellant there were briefs by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, attorneys, and *Fred W. Armstrong* of Madison of counsel, and oral argument by *Mr. Armstrong* and *Mr. Levitan.*

For the respondent there were briefs by *Herbert J. Steffes,* district attorney, *O. L. O'Boyle,* corporation counsel, and *G. Kenneth Crowell,* assistant corporation counsel, and oral argument by *Mr. Crowell.*

ROSENBERRY, C. J.   Sec. 49.03 (8a) (a), (b), Stats., provides:

"(a) Such action [one to recover disallowed part of claim] shall be commenced before the industrial commission which is hereby given the jurisdiction and power and duty to hear, try and determine such claims and render decisions thereon between counties and between counties and other municipalities. . . .

"(b) Such action by a county or municipality against another county or other municipality shall be commenced by complaint which shall be entitled 'Before the Industrial Commission of the State of Wisconsin.' . . ."

The subsection then further provides for service of pleadings and other matters not material here.

"(c) The commission shall render its decision and transmit copies thereof to the parties by registered mail as soon as

possible after such hearing but not later than ten days there-
after. *Any party aggrieved by such decision may appeal to
the circuit court of Dane county within thirty days of the
time of rendition of such decision.* . . . Such appeal shall
be tried in said court upon the record made before the com-
mission. The effect to be given to the findings of fact made
by the commission, and the method and procedure of plead-
ing on said appeal, and the powers of the court in confirming
or setting aside the judgment of the commission, shall be as
provided in subsections (1), (2) and (3) of section 102.23
governing judicial review from the decisions of the indus-
trial commission, in so far as the same may be applicable.
The provisions of sections 102.24 and 102.25 shall likewise
govern in so far as the same may be applicable. . . ."

In this case, instead of taking an appeal, Milwaukee county
commenced an action by the service of a summons and com-
plaint against the town of Summit and the Industrial Com-
mission of Wisconsin to review the determination of the
commission. The statute in question is an example of ex-
tremely poor draftsmanship. An appeal is one thing, an
action to review is quite another. Although the statute pre-
scribes the method by which the record is to be removed to
the circuit court of Dane county upon an appeal, it states
that the method and procedure of pleading on said appeal
shall be in accordance with the provisions of sec. 102.23.
There is no pleading on an appeal. Pleadings are only re-
quired in an action to review. Manifestly, in a proceeding
which is to be tried upon the record made before another
tribunal there can be no pleading in any proper sense of the
term.

It is argued in briefs of counsel that the word "appeal"
has two meanings: (1) Its technical meaning by which a
cause is removed from one court to another for a trial *de
novo,* and (2) a broader and more inclusive meaning which
includes any procedure for the removal of a cause from one
tribunal to another. The legislature, however, seems to have

used the term "appeal" with discrimination. In matters before the public service commission review is by action against the commission (secs. 196.41 to 196.47, sec. 189.19); in matters before the Industrial Commission review is by action against the commission (secs. 102.23 to 102.25); in insurance matters review is by action against the commissioner of insurance (sec. 200.11 (3)); in matters before the state board of dental examiners and real-estate brokers board review is by *certiorari* (sec. 152.06 (4), sec. 136.15 (1)); in matters before the tax commission review is by appeal to the circuit court (sec. 71.16); in matters before the board of control, the proceeding is by appeal to the circuit court for Dane county (sec. 46.10 (5)); in matters of denial of blind relief by the county board review is by appeal to the county court (sec. 47.09); in the matter of compensation for innocent convicts review of the action of the commission is by appeal to the circuit court for Dane county (sec. 285.05 (5)). The fundamental difference between an appeal and an action to review is that in the case of appeal the tribunal by which the first determination was made is not a party to the proceeding to review. In an action to review, however, the tribunal which made the determination is a party to the proceeding to review, a very fundamental distinction. The word "appeal" seems to have been used advisedly in sec. 49.03 (8a). It is manifest that the Industrial Commission has no interest whatever and no duty to perform in matters connected with determinations made by it in cases involving liability of municipalities under the relief law. It is in no proper sense of the term a party to such proceeding.

Sec. 49.03 (8a) (a) provides:

"Such action shall be commenced before the industrial commission which is hereby given the jurisdiction and power and duty to hear, try and determine such claims and render decisions thereon. . . ."

This vests in the Industrial Commission a purely judicial function. It does not, as it does in compensation cases, have any interest in maintaining its decision upon review. When it has made the determination and served the notice . required by the statutes, its duties are at an end. It is therefore evident that the legislature used the term "appeal" with full appreciation of the distinction between "appeals" and "actions to review." The statute is somewhat defective in failing to make provision for service of notice, dispensing with bond, and in some other respects. There can be no doubt, however, that a notice of appeal properly served would operate under the statute to remove the record from the Industrial Commission to the circuit court for Dane county.

In this case we are confronted with the fact that review was sought by action against the commission. It appears that the summons and complaint were served within the time prescribed by statute. The town of Summit appeared, made no objection to the method by which a review of the determination of the Industrial Commission was sought, and proceeded with the trial. The circuit court certainly had jurisdiction of the subject matter of appeals from the Industrial Commission in cases of this class. The service of a summons and complaint accomplished all that a notice of appeal would have done. Therefore, when the town of Summit appeared, raised no question as to the method by which review was sought, and the court proceeded to determine the issues in the controversy, it acted within its jurisdiction as to the subject matter, and the parties voluntarily appearing waived any irregularities as to the jurisdiction of the parties. While the service of the summons and complaint may be held to have operated as a notice of appeal, it could not make the Industrial Commission a party to the controversy. It had no interest whatever in a review of the

determination made by it. It was under the statute the tribunal from which the appeal was to be taken, not a party to the appeal. The fact that it voluntarily appeared in the circuit court there to defend its determination did not make it a party. In this connection it is to be noted that sec. 49.03 (8a) (c) carefully limits the extent to which sec. 102.23 applies. It says:

"The effect to be given to the findings of fact made by the commission, and the method and procedure of pleading on said appeal, and the powers of the court in confirming or setting aside the judgment of the commission, shall be as provided in subsections (1), (2) and (3) of section 102.23."

This clearly relates to the effect to be given by the circuit court to the matters of record brought before it on appeal. The words "method and procedure of pleading" are, as already pointed out, inappropriate and meaningless in this connection. The provision quoted relates to the duties of the circuit court after the controversy has reached that court.

We come now to a consideration of the next to the last sentence of sec. 49.03 (8a) (c):

"The provisions of sections 102.24 and 102.25 shall likewise govern in so far as the same may be applicable."

Sec. 102.25 provides:

"Said commission, or any party aggrieved by a judgment entered upon the review of any order or award, may appeal therefrom within the time and in the manner provided for an appeal from the orders of the circuit court. . . ."

It is under this provision of the statute that the Industrial Commission attempted to take the appeal in this case. As already pointed out, the Industrial Commission is a party to an action to review under the provisions of sec. 102.23, but here the Industrial Commission is not a party. Under the provisions of ch. 102, Stats., the Industrial Commission has an interest in a controversy before it and is authorized to

maintain its determination in an action for review and for that purpose may call upon the attorney general to represent it in the circuit court. Certainly the legislature could not have intended to authorize the commission to step in and take an appeal from a judgment rendered in a proceeding to which it was not a party. Furthermore, the judgment of the circuit court rendered in this proceeding affects only the municipalities which are parties thereto. The Industrial Commission had no interest whatever in the subject matter of the controversy. In the administration of ch. 49, Stats., it was authorized to hear, try, and determine certain controversies between municipalities. It did not thereby become a party to such controversies. It was authorized to take an appeal in compensation cases by the express provision of the statute, it being a necessary party in actions to review. The municipalities which were parties having taken no appeal and the Industrial Commission not being authorized to take an appeal, this court acquired no jurisdiction and therefore can make no determination upon the merits. This court having no jurisdiction because the Industrial Commission had no authority to take the appeal, the appeal must be dismissed.

*By the Court.*—The appeal from the judgment of the circuit court for Dane county is dismissed.