LeFevre, Appellant, vs. Goodland and another, Respondents.

*September 14—October 16, 1945.*

*John E. O'Brien* of Fond du Lac, for the appellant.

For the respondents there was a brief by the *Attorney General* and *William A. Platz,* assistant attorney general, and oral argument by *Mr. Platz.*

FRITZ, J. In June, 1942, Frank B. LeFevre, upon a trial by jury in the circuit court for Fond du Lac county, was found guilty and convicted of murder in the first degree and sentenced to imprisonment for life. Judgment was entered accordingly and upon an appeal this court reversed the judgment and directed the discharge of LeFevre from custody (*LeFevre v. State,* 242 Wis. 416, 8 N. W. (2d) 288) ; and he was released accordingly. Thereafter he applied to the defendants, as the commission for the relief of innocent convicts pursuant to sec. 285.05, Stats., and his petition was denied by the commission upon its finding that "it is not clear beyond a reasonable doubt that Frank B. LeFevre was innocent of the crime for which he suffered imprisonment." In view of that finding the commission's denial of compensation to LeFevre under sec. 285.05, Stats., cannot be set aside or the payment of compensation ordered in the absence of proof in the record of the proceedings before the commission that compels the conclusion that the commission erred as a matter of law in making that finding.

Sub. (2) of sec. 285.05, Stats., authorizes the filing of a petition thereunder by "Any person who . . . shall serve a term of imprisonment under conviction for a crime against the state, of which crime he claims to be innocent," or "who has been pardoned on the ground of innocence and whose imprisonment shall thereby be shortened." LeFevre is not in either of these two classes. He has neither served "a term of imprisonment" under a judgment of conviction, nor has he been pardoned on the ground of innocence and his imprisonment thereby shortened. Under sub. (4) of sec. 285.05, Stats., compensation can be ordered only "If the commission shall find that the petitioner was innocent and that he did not by his act or failure to act contribute to bring about the conviction and imprisonment for which he seeks compensation.

. . ." And in sub. (3) of sec. 285.05, Stats., it is provided that—

"After hearing the evidence on the petition, the commission shall find either that it is clear beyond a reasonable doubt that the petitioner was innocent of the crime for which he suffered imprisonment, or that it is not clear beyond a reasonable doubt that he was innocent. . . ."

In relation to LeFevre the commission did not find "that it is clear beyond a reasonable doubt that the petitioner was innocent of the crime." Instead, and expressly and unequivocally to the contrary, there is the commission's finding that "it is not clear beyond a reasonable doubt that Frank B. LeFevre was innocent of the crime for which he suffered imprisonment." In view of that finding the commission obviously could not consistently find "that it is clear beyond a reasonable doubt that the petitioner was innocent of the crime." And in the absence of a finding to this latter effect, an award of compensation under sec. 285.05, Stats., would be unauthorized in view of the provision in sub. (4) thereof, because of which there can be an award only "If the commission shall find that the petitioner was innocent." Consequently the commission's decision and denial of compensation must be sustained in the absence of proof in the record that upon the hearing before the commission pursuant to LeFevre's petition, he submitted sufficient evidence to establish and to warrant finding "that it is clear beyond a reasonable doubt that the petitioner was innocent of the crime for which he suffered imprisonment." (Sub. (3).)

In requiring a finding to that effect as a condition to the making of an award, the legislature evidently intended to place upon an applicant for compensation the burden of convincing the commission by proof beyond a reasonable doubt that he was innocent. In view of the express provisions to

that effect in subs. (3) and (4) of sec. 285.05, Stats., neither the presumption of innocence applicable on and during the course of the trial of every person accused of crime, nor the fact that there was an acquittal of LeFevre upon the reversal on appeal of the judgment of conviction, based on the verdict of guilty approved by the trial court, can be considered sufficient to establish or to compel a finding by the commission that "it is clear beyond a reasonable doubt that the petitioner was innocent of the crime." (Sub. (3).) At most the reversal and acquittal pursuant to the appeal was based upon the determination by this court, by a 4-to-3 decision, that,—

"Upon the whole record we cannot say that the proof is sufficient to enable the jury to find that defendant was guilty beyond a reasonable doubt." (242 Wis. 416, 429.)

Neither that determination as to the insufficiency of the state's proof on the trial nor, in connection therewith, the usual presumption of innocence applicable to every defendant accused of crime compel the conclusion that the commission erred in finding that "it is not clear beyond a reasonable doubt that" LeFevre "was innocent of the crime." Consequently neither that finding nor the commission's order denying an award can be set aside on the judicial review thereof on the appeal which, as authorized in sub. (5) of sec. 285.05, Stats., shall be "as provided in chapter 227."

Under these statutory provisions the only remedy available upon the denial by the commission of compensation under sec. 285.05, Stats., is by the appeal and review authorized by those provisions. No remedy or relief for obtaining compensation under sec. 285.05, Stats., was ever authorized by an action instituted for that purpose. No such relief could be obtained upon the denial thereof by the commission, if the statute did not provide therefor (*Petition of Long,* 176 Wis. 361, 363, 187 N. W. 167) ; and when a particular remedy is

prescribed by statute for the enforcement of a right created thereby, relief from an order denying such enforcement can be obtained only by resorting to that remedy. *Milwaukee County v. Industrial Comm.* 236 Wis. 252, 294 N. W. 809; *Milwaukee County v. Industrial Comm.* 228 Wis. 94, 279 N. W. 655; *State ex rel. Waldorf v. Hill,* 217 Wis. 59, 258 N. W. 361; *State ex rel. Allen v. Railroad Comm.* 202 Wis. 223, 231 N. W. 184.

*By the Court.*—Judgment affirmed.