**Pauline TASSIAN, Plaintiff-Appellant,**

v.

**The PEOPLE of the State of Colorado, Defendant-Appellee.**

**No. 83CA1343.**

Colorado Court of Appeals,
Div. II.

Aug. 23, 1984.

Rehearing Denied Sept. 20, 1984.

Certiorari Granted Feb. 11, 1985.

Holland & Hart, John S. Castellano, Denver, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Howard, Asst. Atty. Gen., Denver, for defendant-appellee.

VAN CISE, Judge.

Plaintiff, Pauline Tassian, appeals a judgment dismissing, as not having been timely filed, an attempt to obtain judicial review of the July 15, 1983 revocation of her professional bail bondsperson license by the Colorado Commissioner of Insurance. We affirm.

Plaintiff prepared and signed a *pro se* "motion to appeal action of the Colorado Insurance Commissioner" and had it delivered for filing to the clerk of the district court at 10:26 a.m. on Monday, August 15. The document was date stamped and was given a docket number. The person (not the plaintiff) delivering the document tendered $45 in cash and her personal check for $31 payable to the clerk as payment of the docket fee.

Pursuant to directive of the chief judge that personal checks are not acceptable

from *pro se* litigants, the check was not accepted and the filing stamp and case number were voided. Efforts to reach plaintiff to tell her to tender other funds that day were unsuccessful, so the motion was returned to her by mail.

Ten days later, on August 25, plaintiff came to the clerk's office, refiled the document, and paid the docket fee in cash. A new docket number was assigned to the case.

Defendant filed a motion to dismiss on numerous grounds, including that the action was not timely filed pursuant to § 24-4-106(4), C.R.S. On that ground, the trial court dismissed the case with prejudice.

## I.

Relying on § 13-32-101(1)(d), C.R.S. (1983 Cum.Supp.), plaintiff contends that her motion was timely filed. That statute provides that at the time of first appearance in a civil action in the district court, there shall be paid:

"By each plaintiff, petitioner, third-party plaintiff, and party filing a cross claim or counterclaim ... a fee of seventy-five dollars, and by each appellant, a fee of forty dollars...."

She argues that a proceeding for judicial review of an order of an administrative agency is in the nature of an appellate proceeding. Therefore, she claims that she is an "appellant" and is required to pay only forty dollars plus the one dollar tax imposed under § 2-5-119, C.R.S. (1983 Cum.Supp.) and that the forty-five dollars in cash tendered on her behalf on August 15 was more than sufficient. We do not agree.

Section 24-4-106(4), C.R.S., provides that a person who claims to be aggrieved by an order of an administrative agency "may *commence an action for judicial review* in the district court within thirty days after the agency action becomes effective...." (emphasis supplied). This action is to be brought against the agency and every party to the agency action not appearing as a plaintiff. And, *"[t]he complaint* shall state the facts upon which the plaintiff bases the claim ... the reasons entitling him to relief, and the relief which he seeks.... Thereafter, service of process, responsive pleadings, and other matters of procedure shall be controlled by the Colorado rules of civil procedure." (emphasis supplied)

■ An "appeal" is not the same as an "action for judicial review." In contrast to this original action for review, an appeal is not a new lawsuit; it is, instead, a continuation in a higher court of a suit initially filed in a lower court where there has been an exercise of judicial power. *Hall v. Kincaid*, 64 Ind.App. 103, 115 N.E. 361 (1917); *State ex rel. Spurck v. Civil Service Board*, 226 Minn. 240, 32 N.W.2d 574 (1948); *Lea County State Bank v. McCaskey Register Co.*, 39 N.M. 454, 49 P.2d 577 (1935). There is no "complaint" nor are there "responsive pleadings" in an appeal. *Milwaukee County v. Industrial Commission*, 228 Wis. 94, 279 N.W. 655 (1938). And, the tribunal which made the original determination is not a necessary party to the appellate proceeding. *Milwaukee County, supra.*

■ Plaintiff's action was not an appeal. If anything, it was an original proceeding for judicial review of an agency order. Therefore, she was not an "appellant," and she was required to pay the seventy-five dollar docket fee plus the one dollar tax.

## II.

Plaintiff's main contention is that the clerk's refusal to accept her friend's personal check for the balance of the docket fee, and the chief judge's directive prohibiting acceptance of checks from *pro se* litigants, deprived her of the equal protection of the law guaranteed by Colo. Const. art. II, § 25. We disagree.

■ We do not dispute plaintiff's assertion that the right to equal protection applies not only with respect to legislative

enactments, but also to judicial actions. *Barrows v. Jackson,* 346 U.S. 249, 73 S.Ct. 1031, 97 L.Ed. 1586 (1953); *Shelley v. Kraemer,* 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161 (1948). Therefore, the chief judge's directive must be examined in light of equal protection requirements.

■ The directive involves neither a fundamental right nor a suspect classification. Plaintiff's right to file her action was not refused so long as she paid the filing fee in cash. Allowing lawyers to pay by check and requiring *pro se* litigants to pay by cash has a reasonable basis in fact, and there is a rational relationship to a legitimate governmental interest.

The reasonable basis in fact is that lawyers who file documents with the district court differ from *pro se* litigants because they are licensed by the state, are officers of the court, are subject to the Code of Professional Responsibility, and do business with the courts on a regular and repetitive basis. *Pro se* litigants do not share these characteristics and thus are not similarly situated. Under such circumstances, it is reasonable for the court to accept checks from lawyers as payment of filing fees but not to do so for *pro se* litigants.

The lawyer/*pro se* litigant classification bears a rational relationship to a legitimate governmental interest—that of collecting the full fee required by statute for filing documents with the court. If the court limits payment by check to those over whom it has the most control and who, in its judgment, are less likely to issue bad checks, *i.e.,* lawyers, it will decrease the risk of accepting bad checks and concomitantly lessen the administrative burden inherent in attempts to collect such checks.

There was no denial of equal protection here.

Judgment affirmed.

SMITH and BERMAN, JJ., concur.