David R. TURNPAUGH, Petitioner-Appellant,

v.

STATE of Wisconsin CLAIMS BOARD,
Respondent-Respondent.

Court of Appeals

*No. 2011AP2365. Submitted on briefs May 8, 2012.
—Decided May 22, 2012.*

2012 WI App 72

(Also reported in 816 N.W.2d 920.)

182

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Michael A. Baird* of *Stupar & Schuster, S.C.*, Milwaukee.

On behalf of the respondent-respondent, the cause was submitted on the brief of *J.B. Van Hollen*, attorney general and *Anne C. Murphy*, assistant attorney general.

Before Fine, Kessler and Brennan, JJ.

¶ 1. FINE, J.   David R. Turnpaugh appeals the circuit court order affirming a decision by the State of Wisconsin Claims Board denying his claim under Wis.

STAT. § 775.05 seeking compensation as an "innocent person[] who [has] been convicted of a crime." *See* § 775.05(1). We review the decision of the Claims Board and not that of the circuit court. *See Wisconsin Dep't of Revenue v. Menasha Corp.*, 2008 WI 88, ¶ 46, 311 Wis. 2d 579, 611, 754 N.W.2d 95, 111. We reverse.

## I.

¶ 2. This is Turnpaugh's second appeal in defense of his rights. In the first, *State v. Turnpaugh*, 2007 WI App 222, 305 Wis. 2d 722, 741 N.W.2d 488, we reversed his conviction by a jury of violating WIS. STAT. § 944.30(1) because there was *no* evidence in the trial Record that he committed the act made criminal by that section. *Turnpaugh*, 2007 WI App 222, ¶¶ 3–8, 305 Wis. 2d at 725–728, 741 N.W.2d at 490–491. Simply put:

- "Turnpaugh was charged with and convicted of violating WIS. STAT. § 944.30(1)" in connection with what the State said was his propositioning an undercover police officer. *Turnpaugh*, 2007 WI App 222, ¶¶ 3, 4, 305 Wis. 2d at 725, 726, 741 N.W.2d at 490.

- Under § 944.30(1), a person is guilty of a Class A Misdemeanor if he or she " '[h]as or offers to have or requests to have nonmarital sexual intercourse for anything of value.' " *Turnpaugh*, 2007 WI App 222, ¶ 2, 305 Wis. 2d at 725, 741 N.W.2d at 489 (quoting § 944.30(1)).

- " 'Sexual intercourse' requires 'vulvar penetration.' WIS. STAT. § 939.22(36) (" 'Sexual intercourse' requires only vulvar penetration and does not require emission.")." *Turnpaugh*, 2007 WI App 222, ¶ 3, 305 Wis. 2d at 725, 741 N.W.2d at 490 (one set of quotemarks omitted).

- The *only evidence* that Turnpaugh referenced sex in his conversation with the undercover police officer was her testimony that: " 'He said that he was looking for sex and he wanted me to masturbate and that he wanted to watch.' " *Id.*, 2007 WI App 222, ¶ 4, 305 Wis. 2d at 726, 741 N.W.2d at 490.

- Thus, Turnpaugh was not guilty *as a matter of law* of the only substantive crime charged. *Id.*, 2007 WI App 222, ¶ 7, 305 Wis. 2d at 727, 741 N.W.2d at 490–491.[1]

Nevertheless, the Claims Board argues, and the circuit court agreed, that Turnpaugh did not prove that he was innocent of the crime for which he was convicted. The Claims Board also asserts that although it found that Turnpaugh "was sentenced to 60 days in Milwaukee County Jail for the prostitution charge and ultimately served three days in custody," he was not "imprisoned" as that term is used in WIS. STAT. § 775.05(2) & (3). We disagree with both those contentions.

## II.

¶ 3. The legislature, recognizing that our criminal-justice system occasionally convicts innocent persons, has established a mechanism for their compensation. *See* WIS. STAT. § 775.05(1) ("The claims board shall hear petitions for the relief of innocent persons who have been convicted of a crime."). Thus, as material, § 775.05(2) PROVIDES: "Any person who is impris-

---

[1] The State also charged Turnpaugh with bail-jumping, *see* WIS. STAT. § 946.49(1)(a). *State v. Turnpaugh*, 2007 WI App 222, ¶ 1, 305 Wis. 2d 722, 724, 741 N.W.2d 488, 489. The State agreed, however, that the bail-jumping charge fell with the substantive conviction. *Id.*, 2007 WI App 222, ¶ 8, 305 Wis. 2d at 727–728, 741 N.W.2d at 491.

oned as the result of his or her conviction for a crime in any court of this state, of which crime the person claims to be innocent, and who is released from imprisonment for that crime after March 13, 1980, may petition the claims board for compensation for such imprisonment." Section 775.05(3) provides "[a]fter hearing the evidence on the petition, the claims board shall find either that the evidence is clear and convincing that the petitioner was innocent of the crime for which he or she suffered imprisonment, or that the evidence is not clear and convincing that he or she was innocent." Further, "[t]he findings and the award of the claims board shall be subject to review as provided in ch. 227." § 775.05(5).

¶ 4.    Under WIS. STAT. ch. 227, a court may only overturn an agency determination if:

- the agency's finding of fact "is not supported by substantial evidence in the record[,]" WIS. STAT. § 227.57(6); or

- "the agency has erroneously interpreted a provision of law and a correct interpretation compels a particular action," § 227.57(5).

A reviewing court, however, is enjoined:

- to "not substitute its judgment for that of the agency as to the weight of the evidence on any disputed finding of fact[,]" § 227.57(6); and

- "due weight shall be accorded the experience, technical competence, and specialized knowledge of the agency[,]" § 227.57(10).

██

¶ 5.    Although WIS. STAT. § 227.57(10) seems to indicate that "due weight" deference is appropriate in connection with judicial review of administrative decisions, courts have recognized that there are circum-

stances where a greater level of deference to an agency's legal analysis is appropriate. *See Andersen v. Department of Natural Resources*, 2011 WI 19, ¶ 26, 332 Wis. 2d 41, 55, 796 N.W.2d 1, 8 ("While we are not bound by an agency's conclusions of law, this court has articulated three levels of deference that we may accord an agency's statutory interpretation and application: great weight deference, due weight deference, and no deference.").

> We accord great weight deference to an agency's interpretation and application of a statute when the following four elements are met: (1) the legislature charged the agency with the duty of administering the statute; (2) the agency's interpretation is one of long-standing; (3) the agency employed its expertise or specialized knowledge in forming its interpretation; and (4) the agency's interpretation will provide uniformity and consistency in the application of the statute. When applying great weight deference, we will sustain the agency's statutory interpretation as long as it is reasonable, even if we conclude that another interpretation is equally or more reasonable.

*Id.*, 2011 WI 19, ¶ 27, 332 Wis. 2d at 55, 796 N.W.2d at 8 (internal citation omitted). The Record here is less-than-clear in connection with the second and third factors; all we have is the Claims Board's assertions on this appeal—but unsupported by reference to Claims Board decisions or anything in the Record—that it "has a long-standing and developed expertise and knowledge in the area of claims under WIS. STAT. § 775.05." In his reply brief, Turnpaugh points us to the Claims Board's website that tells us the following:

- "The Claims Board considers a wide variety of claims such as automobile damage, contract disputes, property loss, personal injury and taxes. The

187

Board also accepts requests for the replacement of stale-dated state checks (see Stale Check Claims section)."

http://claimsboard.wi.gov/section.asp?linkid=105&locid =28 (last visited May 10, 2012).

- Since 2001, the Claims Board decided nine innocent-convict claims, including Turnpaugh's:

Frederick Saecker http://claimsboard.wi.gov/doc view. asp? docid=21025&locid=28

Anthony T. Hicks http://claimsboard.wi.gov/doc view.asp?docid= 10151&locid=28

Richard A. Moeck http://claimsboard.wi.gov/doc view. asp?docid=10152&locid=28

Robert Lee Stinson http://claimsboard.wi.gov/ docview. asp?docid=20954&locid=28

David Turnpaugh http://claimsboard.wi.gov/ docview. asp?docid=20954&locid=28

Evelio Duarte Vestar http://claimsboard.wi.gov/ doc view.asp?docid=19569&locid=28

Chaunte Ott http://claimsboard.wi.gov/docview. asp?docid=19569&locid=28

Jarrett Adams http://claimsboard.wi.gov/doc view. asp? docid=18646&locid=28

John A. Rupp http://claimsboard.wi.gov/docvie-w.asp? docid=15361&locid=28

(All sites last visited May 10, 2012.)[2] This certainly does not appear to be "long-standing and developed expertise

_____

[2] One decision site, referenced by the Claims Board site, could not be accessed: http://claimsboard.wi.gov/docview.asp? docid=18129&locid=28. We may, of course, take judicial notice

and knowledge in the area of claims under WIS. STAT. § 775.05," as the Claims Board represents. Moreover, as we see below, the Claims Board's two decisions in this case are bereft of analysis. Thus, "deference may be inappropriate." *Aurora Consolidated Health Care v. Labor and Industry Review Commission*, 2012 WI 49, ¶ 52, 340 Wis. 2d 367, 814 N.W.2d 824 ("[D]eference may be inappropriate given that LIRC's apparent interpretation was implicit and unsupported by analysis."). Nevertheless, we assume without deciding that the Claims Board's decision here and its legal analyses are entitled to the highest degree of deference because we prefer to decide the appropriate level of deference in an appeal where: (1) it would make a difference, and (2) the Record and briefing are adequate to that task. *See ibid.* ("[I]t is unnecessary to determine what level of deference to give [an agency]'s implicit interpretation because we reach the same result regardless of the level of deference applied."); *State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514, 520 (Ct. App. 1989) (cases should be decided on the "narrowest possible ground").

> When a reviewing court applies great weight deference, it sustains an agency's reasonable statutory interpretation, even if the court concludes that another interpretation is equally reasonable, or even more reasonable, than that of the agency. *An agency's conclusion of law is unreasonable and may be reversed by a reviewing court if it directly contravenes the statute* or the federal or state constitution, if it is clearly contrary

of the Claims Board's website and its orders. *See* WIS. STAT. RULES 902.01(3) & (4), 902.03(1)(b). The Claims Board's assertions on its website are not hearsay from David Turnpaugh's perspective. *See* WIS. STAT. RULE 908.01(4)(b)1 (statement by party opponent).

to the legislative intent, history, or purpose of the statute, *or if it is without a rational basis.*

*Racine Harley-Davidson, Inc. v. State of Wis. Division of Hearings & Appeals,* 2006 WI 86, ¶ 17, 292 Wis. 2d 549, 564, 717 N.W.2d 184, 191 (footnotes omitted) (emphasis added).

¶ 6. We reverse on both aspects of the legal issues presented by this appeal—(A) whether Turnpaugh proved his innocence by the requisite standard, and (B) whether he had been "imprisoned" as a result of his conviction—because the Claims Board's legal conclusions are wholly unreasonable and directly contravene the statute it is charged with administering.

*A. Innocence.*

¶ 7. As we have seen, Wis. Stat. §§ 775.05(3) directs the Claims Board to "find either that the evidence is clear and convincing that the petitioner was innocent of the crime for which he or she suffered imprisonment, or that the evidence is not clear and convincing that he or she was innocent." After reciting the history of Turnpaugh's conviction and our subsequent reversal, the Claims Board offered only this *ipse dixit* conclusion without analysis: "The Board concludes that the claimant has not presented clear and convincing evidence that he was innocent of the crime for which he was convicted." Of course, this ignores our decision in *Turnpaugh*, which specifically held that Turnpaugh *was innocent as a matter of law.* Stated another way, the issue here is not whether the Claims Board improperly weighed the evidence before it. Thus, the Claims Board's reliance on *Le Fevre v. Goodland,* 247 Wis. 512, 19 N.W.2d 884 (1945), is misplaced.

190

¶ 8. The jury found Le Fevre guilty of first-degree murder. *Le Fevre v. State*, 242 Wis. 416, 416, 8 N.W.2d 288, 289 (1943). The supreme court reversed his conviction in a four-to-three decision. *Id.*, 242 Wis. at 429, 8 N.W.2d at 294. He sought recompense as an "innocent" convict. *Le Fevre v. Goodland*, 247 Wis. at 514, 19 N.W.2d at 884. Unlike the current clear-and-convincing-evidence standard extant in Wis. Stat. § 775.05(3), the agency in those days was given two choices: to " 'find either that it is clear beyond a reasonable doubt that the petitioner was innocent of the crime for which he suffered imprisonment, or that it is not clear beyond a reasonable doubt that he was innocent.' " *Le Fevre v. Goodland*, 247 Wis. at 515, 19 N.W.2d at 885 (quoting the statute). *Le Fevre v. Goodland* affirmed the denial of compensation. *Ibid.* Referencing its four-to-three decision in the criminal case reversing Le Fevre's conviction, *Le Fevre v. Goodland* opined: "At most the reversal and acquittal pursuant to the appeal was based upon the determination by this court, by a 4 to 3 decision, that, 'Upon the whole record we cannot say that the proof is sufficient to enable the jury to find that defendant was guilty beyond a reasonable doubt.' " *Id.*, 247 Wis. at 516, 19 N.W.2d at 885. *See Le Fevre v. State*, 242 Wis. at 429, 8 N.W.2d at 294. Unlike the situation in *Le Fevre v. Goodland*, however, Turnpaugh's claim is not a quibble on whether the evidence was sufficient to convict him of violating Wis. Stat. § 944.30(1); as we have set out at length, there was *no* evidence in support of his conviction, and he was innocent as a matter of law. The Claims Board's finding to the contrary is inexplicable.

B. *Imprisonment.*

■

¶ 9.   Although the Claims Board found that Turn-paugh "was sentenced to 60 days in [the] Milwaukee County Jail for the prostitution charge [the alleged violation of WIS. STAT. § 944.30(1)] and ultimately served three days in custody and 57 days on electronic monitoring[,]" it determined that this did not satisfy the "imprisonment" requirement of WIS. STAT. § 775.05(1) & (3). Its "explanation," however, was as terse and devoid of reasoning as was its determination that Turnpaugh had not shown by clear and convincing evidence that he was innocent of the crimes for which he was convicted: "The Board further concludes that the claimant has failed to show that he was imprisoned, under the meaning of s. 775.05, Wis. Stats., as a result of this conviction." Even giving the Claims Board the highest level of deference, this conclusion flies in the face of the statute, which, significantly, describes the potential punishment for violating WIS. STAT. § 944.30(1), a Class A misdemeanor, as *"imprisonment* not to exceed 9 months[.]" *See* WIS. STAT. § 939.51(3)(a). (Emphasis added.) *See also* WIS. STAT. §§ 973.02 & 973.03 (recognizing that incarceration in a "jail" is "imprisonment").

¶ 10.   The legislature is presumed to be aware of its statutes. *See Schill v. Wisconsin Rapids School Dist.,* 2010 WI 86, ¶ 103, 327 Wis. 2d 572, 618, 786 N.W.2d 177, 200–201. The Claims Board does not tell us why we should ignore that truism here. Indeed, its appellate brief does not even attempt to sustain the Board's conclusion that Turnpaugh "failed to show that he was imprisoned, under the meaning of s. 775.05, Wis. Stats., as a result of this conviction."

192

¶ 11.  We reverse the circuit court's order and remand this matter to the Claims Board for an assessment of what "will equitably compensate" under the guidelines set out in WIS. STAT. § 775.05(4).[3]

*By the Court.*—Order reversed.

---

[3] WISCONSIN STAT. § 775.05(4) reads:

If the claims board finds that the petitioner was innocent and that he or she did not by his or her act or failure to act contribute to bring about the conviction and imprisonment for which he or she seeks compensation, the claims board shall find the amount which will equitably compensate the petitioner, not to exceed $25,000 and at a rate of compensation not greater than $5,000 per year for the imprisonment. Compensation awarded by the claims board shall include any amount to which the board finds the petitioner is entitled for attorney fees, costs and disbursements. If the claims board finds that the amount it is able to award is not an adequate compensation it shall submit a report specifying an amount which it considers adequate to the chief clerk of each house of the legislature, for distribution to the legislature under s. 13.172(2).