COURT OF APPEALS
DECISION
DATED AND FILED

August 5, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1764**

STATE OF WISCONSIN

Cir. Ct. No. 2023CV35

IN COURT OF APPEALS
DISTRICT III

MARIO VICTORIA VASQUEZ,

PETITIONER-APPELLANT,

V.

STATE OF WISCONSIN CLAIMS BOARD,

RESPONDENT-RESPONDENT.

APPEAL from an order of the circuit court for Brown County: TIMOTHY A. HINKFUSS, Judge. *Affirmed*.

Before Stark, P.J., Hruz, and Gill, JJ.

¶1 GILL, J. Mario Vasquez was convicted of first-degree sexual assault of a child and sentenced to 20 years in prison. After serving 16 years of his sentence, he was released from prison following the circuit court granting his motion for postconviction relief. Vasquez then petitioned the State of Wisconsin

Claims Board (the Board) pursuant to WIS. STAT. § 775.05 (2023-24)[1] for compensation, claiming that he was innocent of the charge and wrongfully convicted. The Board unanimously denied Vasquez's petition following a hearing attended by both Vasquez and the prosecutor's office involved in the original action.

¶2      On appeal, Vasquez argues that the Board erred in three respects by denying him compensation. He first argues that the Board violated his procedural due process rights by advising the prosecutor's office that it could present evidence at the hearing held to consider his petition while, conversely, informing Vasquez that he could not present evidence. Second, Vasquez asserts that the Board impermissibly required him to prove his innocence beyond a reasonable doubt. Lastly, Vasquez contends that the Board's finding that the victim continued to assert that Vasquez was her abuser is not supported by substantial evidence and that, absent this finding, he proved his innocence by clear and convincing evidence.

¶3      We reject each of Vasquez's arguments. First, the Board did not violate Vasquez's due process rights because he was provided an opportunity to present an abundance of evidence prior to the hearing and respond to the prosecutor's office's arguments both before and at the hearing, and neither he nor the prosecutor's office presented evidence at the hearing. Second, Vasquez's argument that the Board applied the reasonable doubt standard to his petition is not supported by the record. To the contrary, the Board explicitly referenced the

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version unless otherwise noted.

clear and convincing evidence standard in its decision. Lastly, the Board's finding regarding the victim's assertion is supported by substantial evidence, and, based on this finding and the record as a whole, the Board reasonably determined that Vasquez failed to prove his innocence by clear and convincing evidence. We affirm.

## BACKGROUND

¶4      Vasquez was convicted in the late 1990s,[2] following a jury trial, of sexually assaulting a four-year-old girl and was sentenced to 20 years' imprisonment.[3] An investigation into the sexual assault began when the victim complained of pain while urinating and, according to her mother, stated that "Mario" had abused her while at her babysitter's residence, where Vasquez had rented a room. The victim was taken to the hospital, and she informed a nurse that "Mario" had abused her. The victim later informed law enforcement that her uncle (whom she also called "Mario"), her father, and her babysitter's husband had all inappropriately touched her.[4] Hospital staff concluded that the victim had been sexually assaulted and had contracted herpes. Although Vasquez tested

---

[2] The parties on appeal provide different dates for Vasquez's conviction. The Board states that Vasquez was convicted in 1999, while Vasquez asserts that he was convicted in 1998.

[3] For the most part, Vasquez did not submit any records from either his trial or his postconviction proceedings to the Board or the circuit court. Vasquez did submit an expert's report from his 2015 postconviction proceedings, a "Minute Sheet" from a 2015 motion hearing, and a transcript of an interview between a social worker and the victim. Accordingly, we rely largely on Vasquez's and the Board's recounting of the background facts that occurred before Vasquez filed his petition for compensation under WIS. STAT. § 775.05.

[4] Because the victim and her family spoke only Spanish, an interpreter was present for the victim's interviews.

negative for herpes, a physician who examined Vasquez testified at trial that certain lesions on Vasquez's penis were consistent with a history of herpes.

¶5    In 2015, while still incarcerated for his conviction, Vasquez filed a postconviction motion seeking a new trial based on newly discovered evidence and ineffective assistance of trial counsel.[5]  The State did not oppose Vasquez's motion, and the circuit court granted Vasquez a new trial.  However, the State did not pursue a new trial.

¶6    Following his release from prison, Vasquez filed a petition for compensation pursuant to WIS. STAT. § 775.05, seeking approximately $1.2 million.  *See* § 775.05(4) (detailing the Board's procedure for awarding more than $25,000 in compensation).  In his petition, Vasquez outlined what he claimed were inconsistent statements by the victim during the initial sexual assault investigation, incorrect Spanish-to-English translations during the victim's interview with a social worker, his defense counsel's ineffective assistance, and newly discovered evidence.

¶7    As to ineffective assistance of counsel, Vasquez asserted that his defense counsel "failed to present to the jury an expert witness who would question the reliability of [the victim's] statements and testimony, despite promising to do so in his opening statement to the jury."  Further, Vasquez contended that the victim's uncle Mario had lied under oath at the trial about not having herpes and that the victim's mother had informed law enforcement that the

---

[5] Again, the record before us lacks relevant documentation regarding Vasquez's 2015 postconviction proceedings, including the details of his claims for a new trial.  Vasquez, however, described his postconviction claims in his petition for compensation, which we discuss in detail below.

4

uncle had inappropriately touched the victim in the summer prior to the investigation. Citing a police report, Vasquez asserted that shortly after his trial, the uncle was accused of sexual assault in a case where the victim contracted a sexually transmitted disease (STD), although the details of the STD are redacted from the report.

¶8 Vasquez also argued in his petition that the day before the hearing on his postconviction motion for a new trial, the victim revealed to the State that "she had testified falsely that her uncle had not molested her. She said that despite testifying that Mr. Vasquez had molested her, in fact her uncle had sexually molested her in 1998 and her father had also sexually molested her throughout her childhood." According to Vasquez, the victim also informed the State that both her father and her uncle had herpes. Vasquez also argued that his innocence was buttressed by the fact that the victim "never explicitly identified" Vasquez "as her abuser." Additionally, Vasquez cited his expert witness's report prepared for his postconviction proceedings, in which the expert opined about the "suggestive and improper interviewing techniques" used in the victim's interview with the social worker.

¶9 The Brown County District Attorney's Office, the prosecutor's office involved in the original action, opposed Vasquez's WIS. STAT. § 775.05 petition. It opined, through a written submission to the Board, that a "fair assessment of the information [Vasquez] presents both in his claim for compensation and his original request for a new trial reveals that new factors do exist that would impact the jury's decision if the matter were to be retried." However, the prosecutor's office noted that the State "never reached the conclusion that [Vasquez] was innocent" and had, instead, "remained satisfied that [Vasquez] was not an innocent man."

5

¶10 Moreover, the prosecutor's office argued that Vasquez had mischaracterized the victim's postconviction comments regarding Vasquez's guilt. According to the prosecutor's office, the victim had "consistently maintained that while she was assaulted by other men as well, she was in fact sexually assaulted by" Vasquez. The prosecutor's office cited its concerns with retrying Vasquez, including the age of the case and the fact that Vasquez had "effectively served his sentence," as significant reasons why the State did not recharge Vasquez after his motion for a new trial was granted.

¶11 Vasquez responded to the prosecutor's office's submission and requested a hearing. The Board scheduled a hearing and provided Vasquez with a copy of a document titled, "What You Should Know About Your Claims Board Hearing." The document informed Vasquez not to bring "new information or documentation" to the "meeting" because the Board "members will not have time to consider new information." The document further provided that Board "hearings are relatively brief and informal," "[t]here is no need to restate your claim in detail," Board members "will have read all the written material for your claim," Vasquez would be "given an opportunity to briefly summarize why" he felt he "should be paid," and Board members "may then have questions."

¶12 The hearing was held by audiovisual means, with the Board members, Vasquez and his current counsel, and a prosecutor from the prosecutor's office all present.[6] Following an introduction by the Board, Vasquez's counsel

[6] An audiovisual recording of the hearing is in the record. Large portions of the parties' statements and arguments contained in the 23-minute recording are unreviewable as both the video and audio stop, lag, and/or disappear at different points. Upon our review, it appears that these issues were limited to the recording of the hearing and did not occur during the hearing because, to our knowledge, none of the parties raised a concern during the proceedings. The hearing was not transcribed.

presented an overview of Vasquez's argument, focusing on the victim's abuse by her father and uncle.

¶13 The prosecutor then presented his arguments to the Board, highlighting that there remains evidence of Vasquez's guilt despite the postconviction proceedings. He also reiterated that the victim "has maintained" "at several points during follow-up investigation[s] that [Vasquez] did sexually assault her." The prosecutor also repeated the point expressed in his written submissions that the State's decision not to prosecute Vasquez following the postconviction proceedings was not made because the State believed that Vasquez was innocent of sexually assaulting the victim. Rather, according to the prosecutor, the decision was made based on several factors unrelated to the merits of the case, including that Vasquez had already served 16 years in prison for the crime, that the victim did not want to experience and participate in another jury trial related to the sexual assault, and evidentiary challenges stemming from the passage of time.

¶14 Vasquez's counsel was provided with an opportunity to respond to the prosecutor's arguments. Counsel stated that Vasquez was not arguing against the fact that Vasquez had herpes or that the victim "has continued to believe that Mr. Vasquez assaulted her and that that is a truly and deeply held belief." The Board chair then opened the floor to questions, and one Board member asked the prosecutor to discuss the process used to obtain an identification of Vasquez by the victim.

¶15 Following the hearing, the Board unanimously denied Vasquez's petition for innocent conviction compensation in a written decision, finding that Vasquez failed to demonstrate, by clear and convincing evidence, that he was

innocent of the sexual assault charge for which he was convicted. After outlining the facts and arguments presented by both Vasquez and the prosecutor, the Board found that "[w]hile Vasquez presents alternative theories and evidence that may demonstrate he received ineffective assistance of counsel, he does not present affirmative evidence of innocence, particularly in light of the victim's continued insistence that he was her abuser."

¶16     Vasquez appealed the Board's decision to the circuit court, arguing that the Board's decision depended on a finding of fact not supported by substantial evidence—specifically, that the victim continued to insist that Vasquez was her abuser—that the Board erroneously interpreted WIS. STAT. § 775.05 by imposing the beyond a reasonable doubt standard to his petition, and that he had proved by clear and convincing evidence that he was innocent. Following briefing by the parties, the court affirmed the Board's denial of Vasquez's petition. Vasquez now appeals.

## DISCUSSION

¶17     Vasquez raises three challenges to the Board's finding that he failed to demonstrate, by clear and convincing evidence, that he was innocent of first-degree sexual assault of a child. He first argues that the Board violated his procedural due process rights, under both the United States Constitution and the Wisconsin Constitution, by advising the prosecutor that he could present evidence at the hearing while, conversely, informing Vasquez that he could not present evidence. *See* WIS. STAT. § 227.57(4). Second, Vasquez asserts that the Board erroneously interpreted WIS. STAT. § 775.05 by requiring him to prove his innocence beyond a reasonable doubt. *See* § 227.57(5). Lastly, Vasquez contends that the Board's decision depended on a finding of fact not supported by

substantial evidence, requiring this court to set aside the Board's finding pursuant to § 227.57(6); and he contends that absent this erroneous finding, he proved his innocence by clear and convincing evidence.

¶18    Since 1913, Wisconsin has provided a mechanism to compensate innocent persons convicted of crimes in Wisconsin.  *Turnpaugh v. State Claims Bd.*, 2012 WI App 72, ¶3, 342 Wis. 2d 182, 816 N.W.2d 920; 1913 Wis. Laws, ch. 139, § 3203a.  The current version of that law is provided in WIS. STAT. ch. 775.

> Any person who is imprisoned as the result of his or her conviction for a crime in any court of this state, of which crime the person claims to be innocent, and who is released from imprisonment for that crime after March 13, 1980, may petition the claims board for compensation for such imprisonment.

WIS. STAT. § 775.05(2).  The Board, "[a]fter hearing the evidence on the petition," shall determine whether the petitioner proved his innocence by clear and convincing evidence.  Sec. 775.05(3).  The Board "shall find either that the evidence is clear and convincing that the petitioner was innocent of the crime for which he or she suffered imprisonment, or that the evidence is not clear and convincing that he or she was innocent."  *Id.*  If the Board "finds that the petitioner was innocent and that he or she did not by his or her act or failure to act contribute to bring about the conviction and imprisonment for which he or she seeks compensation," the Board "shall find the amount which will equitably compensate the petitioner," subject to certain statutory restrictions not relevant here. *See* § 775.05(4).

¶19    Judicial review of the Board's decisions is limited.  WISCONSIN STAT. § 227.03(5) provides that WIS. STAT. ch. 227 "does not apply to proceedings of the claims board, except as provided in [WIS. STAT. §§] 775.05(5),

775.06(7) and 775.11(2)." Relevant to the Board's decision on Vasquez's petition, § 775.05(5) states that "[t]he findings and the award of the claims board shall be subject to review as provided in ch. 227."[7] We apply our review under ch. 227 to the Board's decision, not that of the circuit court. *See DOR v. Microsoft Corp.*, 2019 WI App 62, ¶13, 389 Wis. 2d 350, 936 N.W.2d 160.

## I. Due Process

¶20 As noted above, Vasquez's first argument is that the Board violated his procedural due process rights, under both the United States Constitution and the Wisconsin Constitution. Vasquez argues that the Board violated his procedural due process rights when it informed him that the hearing would be "brief and informal" and that he should "not bring new information or documentation to the Claims Board meeting. Board members will not have time to consider new information."

¶21 Vasquez contrasts the Board's directive to him with what the Board told the prosecutor. The Board wrote to the prosecutor that the prosecutor could "present sworn testimony and whatever other evidence is essential to permit the Board to decide the merits of the claim" and that the prosecutor was "in the best

---

[7] WISCONSIN STAT. §§ 775.06 and 775.11 concern state employee petitions for compensation, including those petitions filed by "law enforcement officers employed by the state." Sec. 775.06(1); *see also* § 775.11.

position to recommend the correct resolution."[8]   According to Vasquez, the Board's actions in this regard evidenced an appearance of bias and violated the presumption of impartiality.

¶22     WISCONSIN STAT. § 227.57(4) states that we shall remand a case to an agency for further action if we determine that "either the fairness of the proceedings or the correctness of the action has been impaired by a material error in procedure or a failure to follow prescribed procedure."   "The requirement of fairness imposed by sec. 227.57(4) merely insures that the procedure before the administrative agency will meet the requirements of due process."   *Bracegirdle v. DRL*, 159 Wis. 2d 402, 416, 464 N.W.2d 111 (Ct. App. 1990).

¶23     Procedural due process under the Fourteenth Amendment to the United States Constitution and article I, section 1 of the Wisconsin Constitution

---

[8] The Board argues that Vasquez forfeited his procedural due process claims by failing to raise them in the circuit court.   Forfeiture "is a rule of judicial administration," and, as such, we can disregard a party's failure to raise a claim in the circuit court "in an appropriate case." *See State ex rel. Davis v. Circuit Ct. for Dane Cnty.*, 2024 WI 14, ¶22, 411 Wis. 2d 123, 4 N.W.3d 273 (citation omitted).   Because Vasquez's due process claims concern issues of law, do not raise issues of fact, and concern serious constitutional issues, we will disregard any potential forfeiture and address the merits of his claims.   *See State v. Bodoh*, 226 Wis. 2d 718, 737, 595 N.W.2d 330 (1999) (stating that forfeiture is "usually" not applied "when the new issue raised is a question of law, the parties have thoroughly briefed the issue, and there are no disputed issues of fact regarding the new issue").

We note that Vasquez also states that the Board violated his "[s]tatutory and Constitutional Due Process rights when it precluded him from presenting evidence of his innocence."   To the extent that Vasquez means to assert that he was entitled to a more substantive evidentiary hearing, such as a contested case hearing, *see* WIS. STAT. § 227.42, or that the Board generally failed to comply with WIS. STAT. § 775.05(3), we deem that argument undeveloped and thus will not address it further.   Vasquez does not explain why he was entitled to a more-substantive evidentiary hearing, nor does he explain what additional evidence he would have presented had he been given the opportunity to do so at the hearing.   *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (stating that we may decline to address undeveloped arguments).

"protect against government actions that deprive an individual of life, liberty, or property without due process of the law."[9] *Adams v. Northland Equip. Co.*, 2014 WI 79, ¶64, 356 Wis. 2d 529, 850 N.W.2d 272. "The fundamental requirement of procedural due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Bunker v. LIRC*, 2002 WI App 216, ¶19, 257 Wis. 2d 255, 650 N.W.2d 864. Additionally, "a fair trial in a fair tribunal is a basic requirement of due process." *Miller v. Zoning Bd. of Appeals*, 2023 WI 46, ¶13, 407 Wis. 2d 678, 991 N.W.2d 380 (citation omitted). "[I]n order to establish a violation of procedural due process, a plaintiff must demonstrate both: (1) the deprivation of a protected liberty interest—'life, liberty, or property'—by state action and (2) that the process he [or she] received before that deprivation fell short of the minimum the Constitution requires." *Id.*, ¶11 (citation omitted); *see also* **Reed v. Goertz**, 598 U.S. 230, 236 (2023) (same).

¶24 Vasquez submitted his petition using the Board's "Claim Form." The form included instructions to submit the form, "along with supporting evidence that you were innocent of the crime for which you were convicted," to the Board. The form also included a "Statement" section, instructing the petitioner to "describe evidence that you were innocent of the crime for which you were convicted."

¶25 Vasquez attached a 91-page document describing, in his words, the sexual assault charges against him, the trial and his conviction, the postconviction

---

[9] We treat the due process provisions of the United States Constitution and the Wisconsin Constitution as coextensive for purposes of this opinion because Vasquez does not argue that the Wisconsin Constitution provides additional protections beyond those provided by the Fourteenth Amendment. *See* **Miller v. Zoning Bd. of Appeals**, 2023 WI 46, ¶11 n.9, 407 Wis. 2d 678, 991 N.W.2d 380.

proceedings, and why he believed that clear and convincing evidence showed that he was innocent. Attached to the document were several exhibits, including: police records; the order vacating his conviction; an expert witness's report regarding the "suggestive and improper interviewing techniques" used in the victim's interview; a translator's report critiquing the original translation of the victim's interview; a parole commission release review documenting Vasquez's continuous proclamation of innocence; and news articles related to Vasquez's postconviction proceedings.

¶26    Upon receiving Vasquez's petition, the Board responded by stating that it had forwarded copies of the petition to the prosecutor's office and the circuit court judge who presided over the original action. The Board further provided that it sought a recommendation on Vasquez's petition from the prosecutor's office and that it would offer Vasquez "time to respond in writing to the prosecutor's recommendation if" he "wish[ed] to do so."

¶27    In the Board's correspondence to the prosecutor, it requested that the prosecutor review Vasquez's claim, recommend an appropriate response to the claim, and include additional relevant information in his response. The Board also asked the prosecutor to attend the hearing "to present the evidence that [he] relied upon in making [his] recommendation." The Board stated that "[a]lthough the hearing does not constitute a trial," the prosecutor would will "be entitled to present sworn testimony and whatever other evidence is essential to permit the Board to decide the merits of the claim."

¶28    The Board then forwarded a copy of the prosecutor's written submission to Vasquez. Again, the Board informed Vasquez that he could file a written reply, if he wished. The Board further stated that Vasquez could request a

hearing before the Board, noting that "[h]earings are relatively brief" but that "[b]oth parties are given the opportunity to speak." Vasquez both responded in writing to the prosecutor's office's recommendation and requested a hearing. The Board then informed Vasquez through email that his petition "is now ready to schedule for decision and there will be no further submissions accepted … from either party." At the hearing, both parties presented their arguments to the Board, and the Board members were provided with a chance to ask questions of the parties.

¶29 We conclude that Vasquez was not denied procedural due process. We assume without deciding that Vasquez had a liberty interest in petitioning for compensation under WIS. STAT. § 775.05. *See Miller*, 407 Wis. 2d 678, ¶11. However, the Board permitted Vasquez to submit evidence supporting his petition, and it permitted him to respond to the prosecutor's written submission opposing his petition. Vasquez accepted both of those opportunities and provided the Board with extensive information supporting his petition, which included a 91-page document with exhibits. Vasquez and the prosecutor were then able to present their arguments for and against compensation to the Board at the hearing, and the Board had an opportunity to question Vasquez and the prosecutor regarding the evidence.

¶30 Contrary to Vasquez's argument, the Board's statements to the prosecutor at issue do not demonstrate that the Board gave preferential treatment to the prosecution by providing the prosecutor with an enhanced opportunity to present evidence. While the Board informed the prosecutor that he was "in the best position to recommend the correct resolution of this claim," in context, the Board was merely stating that the prosecutor was in a better position than the Attorney General's office to provide a recommendation on Vasquez's petition

because the prosecutor was "the prosecutor who prosecuted the petitioner." *See* WIS. STAT. § 775.05(2). This conclusion is supported by the sentence following the Board's above-statement, which reads: "However, the Attorney General has stated that his office will work to assist you if you have questions about the procedures in these matters or if your appearance at a hearing poses a hardship for your office."

¶31 In addition, although the Board informed the prosecutor that he could present evidence at the hearing, it later informed *both* parties that no new evidence would be admitted at the hearing. Vasquez and the prosecutor summarized their respective positions at the hearing, and the Board asked one question. Therefore, we reject Vasquez's assertion that he was denied due process merely because the Board informed the prosecutor, at one point, that he could present evidence at the hearing.

## II. Burden of proof

¶32 Next, Vasquez argues that the Board erroneously interpreted WIS. STAT. § 775.05 by requiring him to prove his innocence beyond a reasonable doubt.[10] He asks this court to set aside the Board's decision on this basis pursuant to WIS. STAT. § 227.57(5).

¶33 The Board's decision demonstrates that it applied the correct legal standard to Vasquez's petition. Contrary to Vasquez's assertions on appeal, there

---

[10] Prior to 1980, the statute for compensating innocent convicts required a petitioner to prove his or her innocence "beyond a reasonable doubt." *See* WIS. STAT. § 285.05(3) (1977-78). The legislature amended and renumbered the statute in 1980, replacing the beyond a reasonable doubt standard with the clear and convincing evidence standard. *See* 1979 Wis. Laws, ch. 126, § 2; WIS. STAT. § 775.05(3) (1979-80).

is no evidence in the Board's decision suggesting that the Board applied the higher, beyond a reasonable doubt standard. In fact, the Board explicitly stated in its decision that Vasquez had the burden of proving his innocence by clear and convincing evidence. Vasquez fails to explain how the Board, despite citing the correct burden of proof, actually applied the beyond a reasonable doubt standard to his petition. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992). Given the Board's explicit reliance on the correct standard, and Vasquez's failure to explain how, precisely, the Board applied an incorrect standard, we reject Vasquez's assertion that this court should set aside the Board's decision pursuant to WIS. STAT. § 227.57(5).

### III. Substantial evidence

¶34 Lastly, Vasquez argues that the Board's decision depended on a finding of fact not supported by substantial evidence, requiring this court to set aside the Board's decision pursuant to WIS. STAT. § 227.57(6). In making this argument, Vasquez asserts that the Board could not have relied on the victim's continued assertion that Vasquez sexually assaulted her because her position was merely communicated to the Board by the prosecutor. In other words, Vasquez contends that the victim's postconviction declaration that Vasquez sexually assaulted her was not a proposition properly before the Board. Relatedly, Vasquez asserts that he proved his innocence by clear and convincing evidence.

¶35 To begin, the parties dispute whether our review of the Board's finding regarding Vasquez's innocence is subject to WIS. STAT. § 227.57(6) or, rather, § 227.57(7). The Board argues that WIS. STAT. § 775.05 does not entitle a petitioner to a contested case hearing, and, therefore, the substantial evidence test does not apply. Conversely, Vasquez contends that the decisions in *Sanders v.*

16

*State of Wisconsin Claims Board*, 2023 WI 60, ¶29, 408 Wis. 2d 370, 992 N.W.2d 126 (lead opinion), and *Turnpaugh* require application of the substantial evidence test to the Board's findings.

¶36     Where there is no hearing, "the question on review is not whether the agency can produce 'substantial evidence' to support its decision, but rather whether the facts compel a particular result as a matter of law." *R.W. Docks & Slips v. DNR*, 145 Wis. 2d 854, 860-61 & n.1, 429 N.W.2d 86 (Ct. App. 1988) (citing WIS. STAT. § 227.57(7)); *Koll v. DOJ*, 2009 WI App 74, ¶6, 317 Wis. 2d 753, 769 N.W.2d 69 (same).  Our review under § 227.57(6) is more limited than under § 227.57(7), which grants courts "broad discretion to remand" "so that the facts may be ascertained and developed."[11]  *R.W. Docks*, 145 Wis. 2d at 861.

¶37     WISCONSIN STAT. § 775.05(7) subjects the Board's "findings" to judicial review.  In *Sanders*, the lead opinion concluded that the term "findings" in § 775.05 is a legal term of art, synonymous with "finding[s] of fact." *Sanders*, 408 Wis. 2d 370, ¶29 (lead opinion; alteration in original; citation omitted). According to the lead opinion, the term "findings" in § 775.05 is not used "in an informal manner to refer to non-factual determinations." *Sanders*, 408 Wis. 2d 370, ¶30 (lead opinion).  The lead opinion stated that a "finding of fact" means "[a] determination by a judge, jury, or administrative agency of a fact supported by the evidence in the record" that "is capable of being reviewed on appeal to

---

[11] WISCONSIN STAT. § 227.57(7) provides,

> If the agency's action depends on facts determined without a hearing, the court shall set aside, modify or order agency action if the facts compel a particular action as a matter of law, or it may remand the case to the agency for further examination and action within the agency's responsibility.

determine whether 'substantial evidence in the record' supports its validity." *Id.*, ¶29 (alteration in original; citations omitted).

¶38   In *Turnpaugh*, this court outlined the judicial review provisions in WIS. STAT. ch. 227 that are applicable to the Board's findings under WIS. STAT. § 775.05.  We stated that § 775.05 permits judicial review of the Board's findings and cited the substantial evidence test in WIS. STAT. § 227.57(6).  *Turnpaugh*, 342 Wis. 2d 182, ¶¶3-4.  Given the lead opinion's statements in *Sanders* and this court's application of the substantial evidence test to the Board's findings in *Turnpaugh*, we will assume without deciding that the substantial evidence test applies to the Board's findings in this case.

¶39   Under WIS. STAT. § 227.57(6), a reviewing court shall "set aside agency action or remand the case to the agency if it finds that the agency's action depends on any finding of fact that is not supported by substantial evidence in the record."  The substantial evidence test asks whether, after considering all the evidence of record, reasonable minds could arrive at the same conclusion as the agency.  *Oconomowoc Area Sch. Dist. v. Cota*, 2025 WI 11, ¶28, 416 Wis. 2d 1, 20 N.W.3d 182.  If substantial evidence supports an agency's determination, we must affirm that decision "even though the evidence may support a contrary determination."  *Von Arx v. Schwarz*, 185 Wis. 2d 645, 656, 517 N.W.2d 540 (Ct. App. 1994).

¶40   Here, the Board found that the victim continued to "insist[] that [Vasquez] was her abuser."  Vasquez argues that the Board "presumably" relied on the prosecutor's written submission stating that the victim had "consistently maintained that while she was assaulted by other men as well, she was in fact sexually assaulted by" Vasquez.  According to Vasquez, the prosecutor "did not

provide any evidence to corroborate this claim, despite repeated opportunities to do so." He further argues that the Board "fail[ed] to appreciate or accept that, throughout the investigation, the trial, or the subsequent litigation, [the victim] never consistently identified" Vasquez as her abuser.

¶41 On appeal, Vasquez concedes that the Board is not "bound by common law or statutory rules of evidence." *See* WIS. STAT. § 16.007(2); *see also* WIS. STAT. § 227.45. However, citing *Gehin v. Wisconsin Group Insurance Board*, 2005 WI 16, 278 Wis. 2d 111, 692 N.W.2d 572, Vasquez asserts that the Board could not rely solely on uncorroborated hearsay evidence to reach its decision denying his petition. In *Gehin*, our state supreme court concluded that written medical reports, although hearsay, could properly be admitted into evidence at a contested case proceeding because an "agency or hearing examiner shall not be bound by common law or statutory rules of evidence." *Gehin*, 278 Wis. 2d 111, ¶49 (quoting § 227.45). The court further stated, however, that "uncorroborated hearsay alone does not constitute substantial evidence" in the context of a contested case hearing and that an agency cannot "rely[] *solely* on uncorroborated hearsay in reaching its decision." *Id.*, ¶¶56, 81.

¶42 Assuming *Gehin* applies to the Board's decision in this case, the Board did not "rely[] *solely* on uncorroborated hearsay in reaching its decision." *See id.*, ¶56. Rather, the Board determined that Vasquez failed to provide "affirmative evidence of innocence, *particularly in light* of the victim's continued insistence that he was her abuser." (Emphasis added.) Thus, the Board's decision that Vasquez failed to meet his burden of proof relied on all of the evidence before the Board, not solely the victim's declaration of Vasquez's guilt. In addition, it was *Vasquez's burden* to establish, by clear and convincing evidence, that he was innocent, and he did not provide any evidence showing that the victim ever denied

being sexually assaulted by him. In fact, the evidence in the record demonstrates that the victim never wavered in her accusation against Vasquez. Rather, the victim identified other individuals who also sexually assaulted her.

¶43 Furthermore, Vasquez overlooks the fact that he explicitly informed the Board at the hearing that he was not contesting the victim's continued declaration regarding Vasquez's guilt. Instead, Vasquez argued that the Board should consider the "years of psychological research that say that it is common for victims of traumatic abuse to still believe that a person was a perpetrator, even after evidence has established [that person's] innocence." Thus, the Board could rely on Vasquez's concession to find that the victim continued to "insist[] that [Vasquez] was her abuser." Given the foregoing, the Board's finding regarding the victim's declaration of Vasquez's guilt is supported by substantial evidence in the record.

¶44 Finally, we reject Vasquez's contention that he proved his innocence by clear and convincing evidence. Our review is limited to searching for evidence to support the Board's finding, and we conclude that the evidence in the record, including Vasquez's concession that the victim continued to assert that she was sexually assaulted by Vasquez, is sufficient to support the Board's determination that Vasquez failed to prove his innocence by clear and convincing evidence. *See Radtke v. LIRC*, 2025 WI App 14, ¶37, 415 Wis. 2d 347, 18 N.W.3d 187.

¶45 To obtain a monetary award under WIS. STAT. § 775.05, Vasquez was required to prove his innocence by clear and convincing evidence. *See* § 775.05(3). The clear and convincing evidence standard is the "so-called middle burden of proof" in civil actions, *Michels v. Lyons*, 2019 WI 57, ¶34, 387 Wis. 2d 1, 927 N.W.2d 486, and requires proof "to a reasonable certainty by

evidence that is clear, satisfactory, and convincing," *Marquez v. Mercedes-Benz USA, LLC*, 2012 WI 57, ¶36, 341 Wis. 2d 119, 815 N.W.2d 314, *decision clarified on denial of reconsideration*, 2012 WI 74, 342 Wis. 2d 254, 823 N.W.2d 266.

¶46     At most, Vasquez proved that he received ineffective assistance of counsel and that there were potential weaknesses in the State's case that were not properly explored at trial. These facts resulted in the circuit court granting a new trial. However, entitlement to a new trial and proving one's innocence by clear and convincing evidence are not one and the same, particularly in this case because the victim continues to declare that Vasquez sexually assaulted her. *Cf. Turnpaugh*, 342 Wis. 2d 182, ¶7 (holding that a petitioner proved his innocence by clear and convincing evidence because an appellate court had previously determined that the petitioner "*was innocent as a matter of law*" due to insufficient evidence).[12] Moreover, the State's decision not to retry Vasquez more

---

[12] Specifically, in *Turnpaugh v. State Claims Board*, 2012 WI App 72, ¶2, 342 Wis. 2d 182, 816 N.W.2d 920, a petitioner under WIS. STAT. § 775.05 had previously had his conviction overturned in a previous appeal because there was no reasonable view of the evidence presented at his criminal trial showing that the State proved an element of the crime charged. Thus, we concluded that there was no "quibble on whether the evidence was sufficient to convict [the petitioner]" of the crime for which he was convicted. *Id.*, ¶8. We stated, "[A]s we have set out at length, there was no evidence in support of his conviction, and he was innocent as a matter of law. The Claims Board's finding to the contrary is inexplicable." *Id.*

(continued)

than a decade after the assault—and after Vasquez had already served 16 years of his 20-year sentence—says little about Vasquez's innocence. Based on the evidence before it, the Board reasonably found that Vasquez failed to prove his innocence to a reasonable certainty by evidence that was clear, satisfactory, and convincing.

## CONCLUSION

¶47 The Board provided Vasquez the rights afforded to him under the United States and Wisconsin Constitutions by providing him the opportunity to present evidence, argue his position, respond to the prosecutor's information and argument, and answer any questions posed by the Board's members. The Board applied the correct burden under WIS. STAT. § 775.05, and, using that standard, the Board reached a reasonable decision based on the facts presented. Vasquez has provided us no basis to overturn the Board's decision pursuant to the judicial review standards set forth in WIS. STAT. ch. 227.

*By the Court.*—Order affirmed.

Not recommended for publication in the official reports.

---

Vasquez argues that he was innocent at the time he petitioned the Board due to the fact that the circuit court granted him a new trial. Thus, because the prosecutor's office failed to present evidence of his guilt before the Board, Vasquez argues that the prosecutor's office conceded his innocence. This argument fails to appreciate WIS. STAT. § 775.05, which dictates that it is the *petitioner's burden to prove his or her innocence* by clear and convincing evidence. Vasquez's ability to obtain a new trial does not shift the burden to the prosecutor's office that obtained the conviction. Additionally, barring circumstances similar to those in ***Turnpaugh***, which are not present in this case, an overturned conviction does not automatically equate to innocence under § 775.05. *See **Le Fevre v. Goodland***, 247 Wis. 512, 19 N.W.2d 884 (1945) ("At most the reversal and acquittal pursuant to the appeal was based upon the determination by this court, by a 4 to 3 decision, that, 'Upon the whole record we cannot say that the proof is sufficient to enable the jury to find that defendant was guilty beyond a reasonable doubt.'" (citation omitted)).